ELLEN T. COOLBAUGH *vs.* ELIZA J. ROEMER.

June 4, 1883.

Pleading.—A fact is not well pleaded when it is only to be inferred as a conclusion from other facts stated which are not inconsistent with an opposite conclusion.

Judgment by Confession—Validity as between Parties and Privies.— A judgment by confession, entered upon a statement of facts insufficient to satisfy the requirements of the statute, is valid as between the parties. The judgment debtor cannot avoid it; nor can one do so who claims rights of property under him, but whose interests are not prejudiced thereby.

Bond for Deed—Judgment against Obligor—Lien on Legal Title.—A judgment docketed against the owner of land who had previously entered into an executory contract to convey the same upon conditions, becomes a lien upon the legal title which remains in the judgment debtor, subject to the equities of the purchaser under the contract; following *Minneapolis & St. L. Ry. Co.* v. *Wilson*, 25 Minn. 382, and *Welles* v. *Baldwin*, 28 Minn. 408.

**Same—New Rights of Obligee Subject to Lien.**—When the purchaser, the contract being still unperformed on his part, assumes, subsequent to the docketing of the judgment, to acquire from the judgment debtor new or additional rights in the land, not by a performance of his contract, but by a modification of its terms or by a new contract, he does so with constructive notice of the judgment lien, and subject to the superior rights of the creditor.

**Judgment allowing Redemption after Statutory Period.**—A judgment is erroneous which in effect allows redemption from execution sale after the expiration of the statutory limit prescribed therefor.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action was tried before *Young, J.,* without a jury. The case is stated in the opinion.

*Wilson & Lawrence,* for appellant.

*D. A. Secombe,* for respondent.

The execution sale, upon the Hilliker judgment, was irregular, inequitable and voidable, and should be vacated and set aside, for the reason that two separate and distinct known tracts or parcels of land were sold *en masse,* when either of them was worth more than ten times the amount for which both were sold. *Lamberton* v. *Merchants Nat. Bank,* 24 Minn. 281, (288;) *Woods* v. *Monell,* 1 John. Ch. 502; *Tiernan* v. *Wilson,* 6 John. Ch. 411; *Jackson* v. *Newton,* 18 John. 355; *Groff* v. *Jones,* 6 Wend. 522; *Hale* v. *Clauson,* 60 N. Y. 339.

DICKINSON, J. Action of ejectment. Both parties claimed title derived from one Matilda Smith, who in 1875 was the owner of the property. The facts are that in 1875 Smith executed to the respondent (defendant Roemer) a bond, which was then recorded, obligating herself to convey the property to the defendant, upon payment of the purchase price of $7,400, with interest, on or before five years thereafter. The defendant made payments from time to time on account of the purchase price, but the amount of such payments and when they were made does not appear. In 1878, one Hilliker recovered and docketed two successive judgments against Smith. August 15, 1879, upon confession of Smith, one Garvey entered without action, and docketed, a judgment against Smith. On the 28th of the same month, Smith executed to defendant Roemer a deed of conveyance of

the property, taking back a mortgage to secure the payment of the purchase price still remaining unpaid, viz., $4,500, which was then made payable 10 years after that time, and without interest. In November following, (1879,) upon execution issued upon the first of the two Hilliker judgments, the interest of Smith in the property on the day of the docketing of the judgment was sold, Hilliker being the purchaser. Within five days after the expiration of one year from the time of such sale, one Hael, who had become the assignee of the Garvey judgment, and who had filed a notice of his intention to redeem, made redemption from the execution sale, paying the price for which the property had been sold, with interest, and also the amount of the second Hilliker judgment. The title acquired by Hael by such redemption passed by conveyance to this plaintiff. In brief, the interest of the defendant in the property was derived from the contract of sale, (bond for deed,) and the subsequent conveyance from Smith. The plaintiff claims title derived by creditor's redemption from execution sale upon a judgment docketed against Smith, intermediate the giving of the bond and the conveyance by deed.

Upon these facts the court directed judgment to be entered in favor of the plaintiff for the recovery of the property, unless the defendant should, within a time specified, pay to the plaintiff the amount for which the property was sold at the execution sale, and the amount of both of the other judgments, with interest. The amount thus specified was much less than the amount of purchase-money unpaid at the time of the conveyance by deed from Smith to the defendant. Subsequently, it appearing to the court that the defendant had tendered to the plaintiff the sum required by the decision of the court to be paid, and that the tender had been refused, the court ordered judgment of dismissal. Judgment having been entered accordingly, plaintiff appealed. The respondent contends that the plaintiff shows no title or right to recover, because, as it is claimed, (1) the answer shows the execution sale to have been invalid, and its allegations in this regard are admitted in the reply; and (2) the confession of judgment under which redemption was made by plaintiff's grantor was void.

The land in question appears by the pleadings to be in one body,

at the intersection of two streets in the city of Minneapolis, being a parallelogram measuring 40 feet along one street and 90 feet along the other, and to consist of parts of lots 4 and 5 in a certain block. The answer alleges that, at the time of the execution sale, two distinct and separate dwelling-houses stood upon the property, one being upon lot 4 and the other upon lot 5; that they were occupied by two distinct tenants of the defendant, each of whom was independent of the other; that the portion of lot 4 in question was worth $2,000, and the portion of lot 5 in question was worth $5,000, while the judgment under which the property was sold was for only $136.77, and that the whole was sold as one entire tract. These facts as to the condition and occupancy of the property are not denied by the reply. Without turning aside to consider what might have been the legal result if the fact had appeared to have been as the respondent claims it to have been, we are of the opinion that the answer cannot be construed as pleading the fact that the property sold as one parcel consisted of several tracts or parcels of land. It is only to be inferred that such may have been the case, while the facts stated are not inconsistent with the land being essentially, and within the meaning of the statute, one tract or parcel, as it certainly is one body of land.

The judgment by confession was valid and effectual, as between the parties to it, though the statement of facts upon which it was entered be deemed insufficient to answer the requirements of the statute. *Wells* v. *Gieseke*, 27 Minn. 478, 483; *Miller* v. *Earle*, 24 N. Y. 110; *Plummer* v. *Douglas*, 14 Iowa, 69; *Lee* v. *Figg*, 37 Cal. 328. The equities of the defendant acquired under the executory contract are not interfered with by the judgment, and she does not, by reason of such equities, stand in a position to assail the validity of the judgment when the judgment debtor herself could not question it. If she became a purchaser of the property subsequent to the judgment, she took with constructive notice of it, and stands in no better position with respect to it than did her grantor. She cannot disturb the redemption made from the execution sale.

At the time of the docketing of the Hilliker judgment the legal title to the property remained in the judgment debtor, and to it the lien

of the judgment attached.   By the subsequent execution sale, and the redemption under the Garvey judgment, and by conveyance to this plaintiff, the latter came to stand in the place of the judgment debtor with respect to the land.   The title and the legal rights of the debtor were divested, and the plaintiff became possessed of them.   This was, however, subject to the equitable rights acquired by this defendant, Roemer, through the previously executed bond for a deed.   *Minneapolis & St. L. Ry. Co.* v. *Wilson*, 25 Minn. 382; *Welles* v. *Baldwin*, 28 Minn. 408.

The transaction subsequent to the docketing of the Hilliker judgment, whereby the judgment debtor conveyed the land to the defendant, the conditions of payment prescribed in the executory contract being materially changed, must be regarded as a new purchase, so far as the judgment creditor is concerned, and not as a mere performance of the original contract.   When the defendant assumed to acquire such new rights in the property from the owner, she had constructive notice of the judgment lien, and became a purchaser subject thereto.

Assuming that the plaintiff acquired the legal title, subject only to the equities arising from the executory contract of purchase, it is obvious that her legal rights could not be divested, without her consent, by repayment to her of the purchase price and the amount of the judgment through which her title was acquired.   That would be in effect a redemption.   But a redemption cannot be allowed.   The right of redemption on the part of the judgment debtor, and of those claiming under her, was extinguished with the expiration of the year following the execution sale.   Upon no theory of the case can the decision of the court upon which the judgment was founded be sustained.

The plaintiff claims that judgment should be now directed in her favor, and no new trial awarded.   The claim proceeds from the premise that the finding of the court that the defendant went into possession under the contract of purchase is not sustained by the evidence.   We cannot grant this premise to be true.   The case is certified to contain all of the evidence, but it is apparent from the case itself that the bond for a deed was put in evidence, although it is not included in the record before us.   Whether, by its terms, a

right of possession was conferred upon the defendant as purchaser does not appear. We cannot say that the finding of the court was not supported by this evidence of the express contract of the parties. Whether, if the defendant was thus put in possession, her right of possession has become extinguished, we are not called upon to determine from the case before us. There should be a new trial.

We will add, with a view to the further proceedings which may be had in the case, that we do not construe the answer as being in the nature of an equitable counterclaim, whereby an accounting is sought, or a specific performance of the executory contract. We do not understand that it was intended to be of that character.

The judgment is set aside, and a new trial ordered.