LESLIE S. HACKNEY v. PERCY WOLLASTON and Another.

June 28, 1898.

Nos. 11,093—(169).

Confession of Judgment—Statutory Statement—Promissory Note to Third Person—Judgment Voidable by Creditors.

The verified statement, made on confession of judgment, stated that such confession was made on three negotiable promissory notes attached thereto, made to third parties and indorsed and transferred before maturity to the party in whose favor the judgment was confessed, but the consideration of the notes was not stated, neither was the transaction out of which the consideration arose. *Held*, such judgment is voidable as to other creditors of such judgment debtor, and voidable also as to a purchaser for value who received his deed before, but did not record it until after, the judgment was confessed.

Same—Presumption that Prior Purchaser is One for Value.

Rule applied that such a prior purchaser is presumed to be a purchaser for value until the contrary appears.

Action in the district court for Martin county to have a certain judgment confessed in favor of defendant Wollaston by Theodore L. Dreyer declared not to be a lien upon certain land conveyed by Dreyer to plaintiff. The cause was tried before Quinn, J., without a jury, who ordered judgment for defendants. From the judgment entered pursuant thereto, plaintiff appealed. Reversed.

*Ashley Coffman,* for appellant.

The statement fails to state the consideration for the notes, and is insufficient to support the judgment. Chappel v. Chappel, 12 N. Y. 215; Dunham v. Waterman, 17 N. Y. 9; Lanning v. Carpenter, 20 N. Y. 447; Freligh v. Brink, 22 N. Y. 418; Kirby v. Fitzgerald, 31 N. Y. 417; Kellogg v. Cowing, 33 N. Y. 408; Ingram v. Robbins, 33 N. Y. 409; Bonnell v. Henry, 13 How. Pr. 142; Bank v. Jenison, 15 How. Pr. 141; Beekman v. Kirk, 15 How. Pr. 228; Winnebrenner v. Edgerton, 8 Abb. Pr. 419; Kern v. Schalfant, 7 Minn. 393 (487); Wells v. Gieseke, 27 Minn. 478.

*Voreis & Mathwig,* for respondents.

The judgment upon its face states sufficient facts out of which the indebtedness arose to enable other creditors to test the bona fides of the transaction. Atwater v. Manchester, 45 Minn. 341; Briggs v. Yetzer, 103 Iowa, 342; Wood v. Mitchell, 117 N. Y. 439; McDowell v. Daniels, 38 Barb. 143; Dullard v. Phelan, 83 Iowa, 471. A judgment by confession is valid and effectual, as between the parties to it, though the statement of facts upon which it was entered is deemed insufficient to answer the requirements of the statute. Wells v. Gieseke, 27 Minn. 478; Miller v. Earle, 24 N. Y. 110; Plummer v. Douglas, 14 Iowa, 69; Lee v. Figg, 37 Cal. 328.

The appellant, under his quitclaim deed, merely stepped into the shoes of the judgment debtor, Dreyer, and, standing in that position, he cannot assail the validity of the judgment when the judgment debtor himself could not question it. See Coolbaugh v. Roemer, 30 Minn. 424.

CANTY, J.

On April 12, 1894, one Dreyer was the owner of a certain piece of land, and on that day conveyed it to plaintiff, who neglected to place his deed on record until December 31, 1895. In the meantime, on December 17, 1895, Dreyer confessed judgment to defendants for the sum of $276.75, and the judgment was duly entered and docketed. In this action plaintiff attacks the judgment, and claims that it is void as to him. On the trial the court below held the judgment valid, and ordered judgment herein for defendants. From the judgment entered thereon, plaintiff appeals.

Section 6077, G. S. 1894, provides:

"A judgment by confession may be entered without action either for money due or to become due * * * in the manner prescribed by this chapter."

Section 6078 provides:

"A statement in writing shall be made, signed by the defendant and verified by his oath, to the following effect:
First. It shall authorize the entry of judgment for a specific sum.
Second. If it is for money due or to become due, it shall state concisely the facts out of which it arose, and show that the sum confessed therefor is justly due or to become due."

Appellant contends that in this case the statement does not state the facts out of which the claim arose. Such verified statement merely sets out three promissory notes made by Dreyer to persons other than defendants, which it avers were before maturity indorsed and transferred by the holders thereof to defendant Wollaston. What was the consideration for these notes, or out of what transaction that consideration arose, does not appear. While such a confession of judgment is good as between the parties, it is voidable as to third parties who are in a position to attack it. Wells v. Gieseke, 27 Minn. 478, 8 N. W. 380.

The statute does not state who may or who may not take advantage of such a defective statement. It is well settled that another judgment or attachment creditor may, by bill in equity, and in some states by motion, take advantage of such a defect. But can an innocent purchaser for value do so? There is a conflict of authority on this question. See 11 Enc. Pl. & Prac. 1052. There are cases which hold that even a subsequent purchaser for value without actual notice, but who has constructive notice of the lien of the judgment, may take advantage of such a defective statement. Kendall v. Hodgins, 1 Bosw. 659; Daly v. Matthews, 12 Abb. Pr. 403, note. As a general rule, such a subsequent purchaser stands in no better position than the judgment debtor himself, and whether the case of a judgment by confession should be an exception to this rule we need not consider. But the plaintiff is a prior purchaser, and, if he is a purchaser for value, he is, in our opinion, in a position to attack this judgment. See Norris v. Denton, 30 Barb. 117.

The court finds that the deed to plaintiff is a quitclaim deed, and that the only consideration for it is the assumption by plaintiff of mortgages on the premises aggregating $4,200. It is contended that for this reason plaintiff is not a purchaser for value. In this state a quitclaim deed is a conveyance. It does not appear that these mortgages were ever recorded. If it so appeared, it would then appear that they are paramount to defendant's judgment; and in that case plaintiff would, when he paid the mortgages, be subrogated to the mortgagees' prior liens, and could foreclose the mortgages and recover what he paid. We need not consider whether, if the mortgages were recorded before the judgment by confession was docketed, plaintiff would be a purchaser for value. As before stated it does not appear that they were recorded. Plaintiff is not a subsequent, but a prior, purchaser. In any event, it does not appear that he is not a purchaser for value, and it must be presumed he is.

The judgment appealed from is reversed, and a new trial granted.