JOHN P. WHELAN v. HENRY REYNOLDS.[1]

June 7, 1907.

Nos. 15,248—(32).

**Judgment by Confession.**

A judgment by confession, based upon a statement in all respects regular and sufficient on its face, except that it does not sufficiently state the facts out of which the debt arose, is valid as between the parties thereto. Neither the judgment debtor nor subsequent purchasers claiming under him can avoid such a judgment.

**Same—Duty of Clerk.**

When such a statement is presented to the clerk of the district court, with a request to enter and docket a judgment thereon, it is his duty promptly to comply with the request; and if he fails so to do he is liable to the judgment creditor for the damages sustained by such neglect.

**Negligence of Clerk.**

Upon the facts stated in the opinion herein, it is *held* that the defendant, as such clerk, was guilty of negligence in not entering and docketing upon such a statement a judgment by confession, that the judgment creditor was damaged thereby, and that the plaintiff, who was obliged to pay the judgment as surety, was thereby substituted to the rights of the creditor, and could maintain this action, although he did not comply with R. L. 1905, § 4281.

Action in the district court for Waseca county to recover $166.77 for negligence in failing as clerk of the district court to docket a judgment. The case was tried before Buckham, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 112 N. W. 223.

*P. McGovern* and *John Moonan,* for appellant.
*Francis Cadwell,* for respondent.

START, C. J.

This is an action to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in failing, as clerk of the district court of the county of Waseca, to docket the judgment hereinafter referred to. The trial court found as a fact that the defendant was negligent as alleged, and directed judgment for the plaintiff for the sum of $166.77, and the defendant appealed from an order denying his motion for a new trial.

The facts found by the trial court are, in brief, these: On February 10, 1899, John Bowe and the plaintiff executed to Charles A. Wright their promissory note for the sum of $200, with interest, due in one year after date. Bowe executed the note as principal; and the plaintiff as his surety only, and never received any consideration therefor. Bowe failed to pay the note, and on March 24, 1900, he and the plaintiff, in writing, executed a statement of confession of judgment in favor of Wright for the amount of the note, $202.40. The statement was in all respects regular and valid, except that it did not state the facts out of which the debt arose; but it was stated therein that the debt arose from the fact of the execution of the note which was attached thereto, and that no part of the note had been paid, except the interest thereon for one year. On the same day, at 1:45 o'clock p. m., the statement and all papers necessary to the rendition of judgment thereon were filed in the office of the clerk of the district court, and at that time the plaintiff requested the defendant, who was the clerk of the court, to enter and docket a judgment on such confession in favor of Wright and against Bowe and himself. The defendant promised so to do. When the statement was so filed and such request and promise made, Bowe owned unexempt land of sufficient value, over and above the amount of a mortgage then on the land and of record, to satisfy the judgment. The defendant, however, negligently omitted so to enter and docket the judgment, and did not enter and docket the same until two o'clock in the afternoon of March 26, 1900. In the meantime, and on March 26, 1900, Bowe executed a mortgage on his unexempt land to the People's State Bank of Waseca to secure the payment of a debt of

$450 to it, which was duly recorded in the office of the register of deeds at eleven o'clock a. m. of that day; that is, three hours before the judgment was entered and docketed. On March 11, 1903, the owner of the first mortgage on Bowe's land foreclosed it, and at the foreclosure sale the mortgaged premises sold for $3,500, a sum sufficient to pay the first mortgage and the second mortgage belonging to the bank, and no more. The surplus arising from the foreclosure sale after satisfying the first mortgage was paid to the bank, and its mortgage was satisfied, leaving no balance to apply on the judgment. The mortgaged premises so sold on foreclosure sale were not at any time of any greater value than the amount they sold for at such sale. Bowe at all times after the entry of the judgment was insolvent, and died in February, 1903, leaving no estate or property not exempt from execution. On June 23, 1904, the plaintiff was obliged to, and did, pay Wright $166.-77 to satisfy the judgment and indebtedness created by the note so signed as surety for Bowe. The plaintiff did not file in the office of the clerk of the district court in which the judgment was entered the notice provided for in G. S. 1894, § 5479 (R. L. 1905, § 4281).

It is the contention of the defendant that the facts found do not justify the conclusion of law that the plaintiff is entitled to judgment for the amount he paid to satisfy the judgment.

The first reason assigned in support of this claim is that the statement of confession of judgment was not sufficient to warrant the entry and docketing of the judgment; hence the defendant, as the clerk of the court, was under no legal duty or obligation to enter and docket it. The only difficulty with the statement was that it did not state the facts out of which the debt represented by the promissory note arose. This omission, however, would not render a judgment entered upon the statement void. A judgment by confession, entered upon a statement of facts which is insufficient to satisfy the requirements of the statute (R. L. 1905, § 4284), is valid as between the parties. The judgment debtor cannot, nor can one who claims rights of property under him, avoid it. Wells v. Gieseke, 27 Minn. 478, 8 N. W. 380; Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869. The statement of facts upon which the confession of judgment was based in this case was regular in form, duly verified, and authorized a valid judgment by confession

against the parties making the statement. Whether the judgment would have been good against creditors was a judicial question the clerk had no power to decide. The only question for him to determine was whether the statement on its face purported to authorize the entry of the judgment. Such being the case, it was the duty of the defendant, as such clerk, promptly to enter and docket the judgment as requested, and, failing so to do, he was guilty of actionable negligence. Rosenthal v. Davenport, 38 Minn. 543, 38 N. W. 618.

Again, it is urged by defendant that no pecuniary injury resulted to the plaintiff from the defendant's negligence, because the value of Bowe's unexempt land was no more than $3,500, and that the amount of the first mortgage and the debt of the bank, which was then a creditor of Bowe, equaled the full value of the land; hence in no event could the judgment creditor have gained any lien of value if the judgment had been promptly docketed. The defect in this argument is that the bank did not assert any claim as creditor; on the contrary, it asserted no right, except through and under the debtor, by virtue of its mortgage executed by him to it after the judgment should have been entered and docketed by the defendant. The bank, as mortgagee, could not have avoided the judgment if it had been entered; for in this respect it stood in the debtor's shoes. Coolbaugh v. Roemer, supra. In the case of Hackney v. Wollaston, 73 Minn. 114, 75 N. W. 1037, the question involved was the right of a prior purchaser for value to avoid a judgment by confession, and not that of a subsequent purchaser. The case does not overrule the doctrine of Coolbaugh v. Roemer.

The last point urged by the defendant is that the plaintiff did not file the notice provided for by R. L. 1905, § 4281, whereby a surety, paying a judgment against himself and his principal, may continue the judgment in effect in his favor. The plaintiff could not have gained anything by continuing the judgment in effect in his favor; for it was not then a lien on any land, and the judgment debtor, Bowe, died insolvent before the plaintiff was obliged to pay the judgment. The plaintiff, upon paying the judgment as surety of Bowe, in equity became entitled to all the remedies which the judgment creditor then had for the collection of his debt, one of which was an action against the defendant for the damages he had sustained by the defendant's failure promptly to enter and docket the judgment. It is clear that, if he had done so,

the judgment would have been paid from the surplus arising from the foreclosure of the first mortgage lien, and that the plaintiff may maintain this action.

Order affirmed.