M. D. WELLS vs. WILLIAM GIESEKE and others.

April 1, 1881.

Judgment by Confession—Mode of Entry.—Under General Statutes 1878, c. 82, § 3—the chapter relating to judgments by confession—the indorsement of judgment on the statement filed, and the entry of judgment in the judgment book, is each an original. The omission of either, the other being made, does not render void a docketing of the judgment or an execution issued on it.

Same—Statement for—Facts necessary.—A statement for judgment by confession should state, not merely the evidence of the debt which the parties have made,—as the note, bond, or other writing,—but also the facts furnishing the consideration for such note or other writing, far enough to put creditors of the party confessing judgment on inquiry as to the existence of the facts, and direct them so that they can make such inquiry. Stating that the writing was upon a full and valuable consideration, without stating its character, is not enough.

**Same—May be good for Part of the Liabilities Stated.**—Where the statement is for two or more liabilities, if there be no actual intent to defraud, the judgment may be vacated as to those insufficiently stated, and allowed to stand as to the others.

**Same—Amendment Nunc pro tunc.**—The court cannot allow an amendment *nunc pro tunc* of an insufficient statement for judgment by confession, so as to affect the rights of creditors who have subsequently acquired liens, and who have begun proceedings to avoid the judgment.

Action by plaintiff, in the district court for Brown county, to have a judgment by confession, and a levy under execution thereon, in favor of defendant Gieseke against the defendant Albert Behnke and one Henry Behnke, as partners, set aside and declared void as against a subsequent attachment, judgment and levy under execution, in favor of plaintiff against said Albert Behnke, as surviving partner. The complaint alleged, and the facts as found by the court show, that the confession of judgment was filed with the clerk of the court, and endorsement of judgment made thereon by him, on February 4, 1879, and that execution issued thereon and was levied on the same day; but that the judgment was not entered in the judgment-book till February 6, 1879. Plaintiff's writ of attachment was issued and levied on February 5, 1879. Defendants answering presented to the court an amended statement for the confession of judgment, and asked for its allowance *nunc pro tunc.* The cause was tried by the court, *Cox,* J., presiding, and judgment was entered for defendants, dismissing the complaint, and allowing the amendment to the statement for confession of judgment; from which judgment plaintiff appeals.

*S. L. Pierce, J. Newhart* and *B. F. Webber,* for appellant.

The entry in the judgment-book is necessary to complete a judgment by confession. Gen. St. 1878, c. 82, §§ 1–3; c. 66, § 273. *Brown* v. *Hathaway,* 10 Minn. 238, (303;) *Williams* v. *McGrade,* 13 Minn. 46; *Jorgensen* v. *Griffin,* 14 Minn. 464; *King* v. *French,* 2 Sawyer, 441; *Ling* v. *King,* 91 Ill. 571. The law regulating judgment by confession must be

strictly followed. Freeman on Judgments, § 543 and note; Smith on Construction of Statutes, § 547; *Smith* v. *Moffat,* 1 Barb. 65; *King* v. *Hicks,* 32 Md. 460; *O'Brien* v. *O'Brien,* 42 Mich. 15.

*Gordon E. Cole,* for respondents.

Under the later New York decisions the original statement for judgment was sufficient. *Freligh* v. *Brink,* 22 N. Y. 418; *Cook* v. *Whipple,* 55 N. Y. 150; *Harrison* v. *Gibbons,* 71 N. Y. 58; *Lanning* v. *Carpenter,* 20 N. Y. 447; *Cleveland Co-operative Stove Co.* v. *Douglas, ante,* p. 177. It was sufficient, as to the third count at least, and the judgment would be upheld in part. *Kern* v. *Chalfant,* 7 Minn. 393, (487;) *Frost* v. *Koon,* 30 N. Y. 428; *Harrison* v. *Gibbons,* 71 N. Y. 58. But the amendment makes it all good, and should be allowed. *Chappel* v. *Chappel,* 12 N. Y. 215; *Mitchell* v. *Van Buren,* 27 N. Y. 300; *Union Bank* v. *Bush,* 36 N. Y. 631; *Cook* v. *Whipple,* 55 N. Y. 150.

GILFILLAN, C. J.   On February 4, 1879, Henry and Albert Behnke were partners at New Ulm. On that day they made, signed and verified a statement for confession of judgment in favor of the defendant Gieseke for the amount of $8,-101.88. The statement specified three items of indebtedness, two of them being promissory notes of the Behnkes to Gieseke, each of which notes is fully described, and is stated to have been for a full and valuable consideration, the nature and description of which, however, is not stated. The third item is that the Behnkes and Gieseke—he as surety only—executed to one Ross a promissory note, which is fully described, and, the Behnkes being unable to pay it, he, as such surety, paid it. This statement was on said day filed in the office of the clerk of the district court, who then endorsed on it a judgment, and entered it in the docket of judgments, but, owing to other business, did not enter the judgment in the judgment-book until February 6th, on which day he entered it. On February 4th, immediately after filing the statement

and endorsing the judgment on it, the clerk, at Gieseke's request, issued execution on it, and it was delivered to the sheriff, who, on the same day, levied it on the personal property of the Behnkes. On February 5th, this plaintiff commenced an action in the district court against Albert Behnke, as surviving partner, Henry Behnke having died on the morning of that day, and in said action, on said day, procured to be issued an attachment against the property of the defendant, and on the same day it was levied on the same property previously levied on under the execution in favor of Gieseke. Afterwards judgment was rendered in said action in favor of plaintiff, and execution thereon issued, and levied on the property previously attached; whereupon this action was brought to have the judgment by confession, and the execution thereon, set aside and declared void, and to restrain the sheriff from applying any proceeds of the property levied on upon such execution and judgment.

The statute regulating confession of judgment (Gen. St. 1878, *c.* 82,) provides, (section 3,) that the clerk, when the statement is filed, "shall endorse upon it, and enter in a judgment-book, a judgment of the district court for the amount computed. The statement and verification, with the judgment endorsed thereon, become the judgment-roll." From this it appears that each entry—that indorsed on the statement and that entered in the book—is an original. Neither of them can be called a copy. Either of them being made, that entered in the book sufficiently identifying the statement, it is the judgment of the court. To be strictly regular, both should be made. But the omission of either, the other being made, will not avoid the judgment, nor will the docketing or an execution issued be void by reason of the irregularity. The omitted entry may be ordered to be made *nunc pro tunc.*

The statement as to the item of indebtedness for money paid by Gieseke as surety for the Behnkes in satisfaction of the note to Ross is sufficient, for it shows not only a debt

31

justly due, but also the precise transaction out of which it arose. It is not so with the other two items—those upon the two notes of the Behnkes to Gieseke. The statute (Gen. St. 1878, c. 82, § 2,) requires that the statement "shall state concisely the facts out of which it (the indebtedness) arose, and show that the sum confessed therefor is justly due or to become due." How precise and particular this statement should be has been matter of much discussion, especially in New York, where the decisions have not been entirely uniform. But all the cases, not only in that state but wherever a similar statute exists, hold that the purpose of the statute in requiring the statement of facts out of which the indebtedness arose is to protect creditors, and to prevent fraud by facilitating its detection, by enabling creditors to investigate the transaction out of which the debt might be alleged to have arisen. It is apparent that, in view of this purpose, a distinction must be taken between the transaction —the facts out of which the debt arose—and the mere evidence of it which the parties to the confession have made. If only that evidence be stated, creditors will be no better directed in their inquiries than by the judgment confessed. It is therefore uniformly agreed that stating such evidence as the note, bond, or other writing will not answer the purpose of the statute, and that the facts which furnished the consideration for the note, bond, or other writing must be stated far enough to put creditors on inquiry as to the existence of such facts, and to direct them so that they can make such inquiry. The statement in this case, so far as relates to the two promissory notes of the Behnkes, falls short of this requirement. Stating only that the notes were given for a full and valuable consideration, without stating its nature or the facts constituting it, or any fact directing inquiry as to its character and actual existence, is not enough.

There being no actual fraud in the confession, the judgment may be held good as to the item which is sufficiently

set forth in the statement, and bad as to the remainder. *Kern* v. *Chalfant*, 7 Minn. 393, (487.)

Notwithstanding the defect in the statement as to part of the debt, the whole judgment was good as between the parties to the confession. But as to that part based on the items defectively stated, it is void, or rather voidable, as against subsequent creditors who have acquired liens on the property of the debtor in the judgment by confession, and who take the proper proceedings to avoid it. The question arises, can the defective statement be amended *nunc pro tunc*, so as to make the judgment good against subsequent lien creditors who have begun proper proceedings to avoid it?

In *Mitchell* v. *Van Buren*, 27 N. Y. 300, in which the creditor was proceeding by motion, it was held that such amendment may be allowed. In two or three other cases in New York, it is intimated that it may be done when the creditor has commenced an action to avoid the judgment. The power of the court to allow the amendment *nunc pro tunc* is rested on the power given the court to amend by correcting mistakes and omissions, and to relieve against defaults and slips in practice. The portion of our statute equivalent to that in the New York Code on the subject of amendments is Gen. St. 1878, *c.* 66, §§ 120 to 125, inclusive. The only part of this statute which seems to apply to any but hostile actions or proceedings is part of section 125, which provides that the court "may supply any omission in any proceeding; and whenever any proceeding taken by a party fails to conform to the statute, the court may permit an amendment to such proceeding, so as to make it conformable thereto." This is sufficiently ample so far as the parties to any proceedings may be concerned. The power thus given enables the court to allow, as between the parties, any correction of mistakes or omissions which justice may require. But we do not think it was intended that the power should be exercised to the prejudice of rights accrued mean-

time in strangers to the proceeding. For instance, a case might occur where the plaintiff in an action or proceeding would, through accident, mistake or inadvertence, be prevented from obtaining, so early as he might desire, an entry and docketing of his judgment. And if justice between the parties required it, no doubt the court might date back such entry and docketing. But we think no one would contend that it might be done so as to affect the rights of another creditor of the same defendant, who by due proceedings had first procured his judgment to be docketed. Such a case would not be essentially different from this. Here, through the mistake or omission of Gieseke, and plaintiff's diligence, the latter has obtained a lien, which he has a right, upon his taking proper proceedings to that end, to have preferred to the lien of Gieseke, so far as it stands on that part of the judgment by confession which is voidable. The power of the court to amend cannot reach this right.

The plaintiff was entitled to have that part of the judgment by confession based on the statement of the two notes of the Behnkes to Gieseke, and the execution and levy to that extent, declared void as against the lien acquired by the levy of his attachment and execution. The judgment should be sustained for the amount of the money paid by Gieseke to Ross, to wit, the $500, and the execution and levy sustained to that amount, as a lien prior to that of the plaintiff, and postponed to plaintiff's lien as to the remainder.

Judgment appealed from reversed, and the court below will enter judgment according to the views herein expressed.