Maurice Auerbach and others *vs.* William Gieseke, impleaded, etc.

March 18, 1889.

Judgment by Confession—Amendment nunc pro tunc—Intervening Judgment Creditors.—*Wells* v. *Gieseke*, 27 Minn. 478, followed upon the point that an amendment *nunc pro tunc* of an insufficient statement for judgment by confession will not be allowed to the prejudice of subsequent judgment creditors whose executions have been levied, and who have begun proceedings to avoid the prior judgment.

Same—Effect of Want of Notice.—An order allowing such amendment, without notice to such subsequent judgment creditors, is of no effect as to them.

Same—Execution on Confessed Judgment—Liability for Proceeds to Subsequent Creditors.—While an action by such subsequent judgment creditors, whose executions had been levied upon the property in question, was pending against the prior judgment creditor to subordinate the defective-judgment of the latter to their own, the property was sold upon the executions, and the proceeds paid over to the prior judgment creditor, in satisfaction of his execution. *Held*, that such money in his hands was held subject to the results of that action; and, the plaintiffs therein prevailing, he was liable to them for the money so received, with interest; the money having been received and used by the defendant as his own.

Appeal—Delay in Bringing Suit to Trial.—The mere fact that an action is not brought to trial for many years affords no reason for disturbing the decision of the trial court upon the merits.

Appeal by defendant Gieseke (impleaded with Albert Behnke as surviving partner of H. Behnke & Co.) from a judgment of the dis-

trict court for Ramsey county, where the action was tried by *Brill, J. Cole & Bramhall* and *S. L. Pierce,* for appellant.

*Warner & Lawrence,* for respondents.

DICKINSON, J. This action as originally commenced was of the same nature as that of *Wells* v. *Gieseke,* 27 Minn. 478, (8 N. W. Rep. 380,) and arose out of the same transactions. Some of the facts necessary to be considered in this case were not presented in that above cited, and it seems to be expedient to present here in brief a statement of the whole case. The plaintiffs and the defendant Gieseke were creditors of the copartnership firm of Henry and Albert Behnke. On the 4th of February, 1879, upon the confession of the debtors, judgment was entered in favor of Gieseke, and execution issued and levied upon the property of the debtors. The statement or confession of the debtors in favor of Gieseke being insufficient as to a part, the judgment, except as to the sum of $500, was unauthorized, and voidable as to subsequent creditors acquiring liens upon the property, and who sought the proper relief, as was decided in *Wells* v. *Gieseke, supra.* On the following day (February 5th) these plaintiffs commenced an action for the recovery of their debt, in which an attachment was made upon the same property. Wells pursued the same course, securing an attachment prior to that of the plaintiffs. The plaintiffs recovered judgment, and caused execution thereon to be levied upon the same property, then held by the sheriff under the execution issued upon the Gieseke judgment. These plaintiffs then (in February or March, 1879) commenced this action against the debtor and Gieseke, to avoid the Gieseke judgment and the execution of the same, and to aid the enforcement of their own execution in respect to this property. While this action was pending, the sheriff sold the property under the Gieseke judgment for the sum of $6,821.87, besides expenses of execution. This amount was paid over to this defendant Gieseke by the sheriff, June 13, 1879, less the sum of $1,122.76, which was paid in satisfaction of the Wells judgment. These facts, occurring subsequent to the commencement of this action, were set forth in a supplemental answer, and were found by the court as facts in the case. It further appears that before the sheriff paid this money to Gieseke, the judge of the district court

made an order authorizing the sheriff to make the payment, upon Gieseke filing a bond with sureties, running to said Wells, and in his behalf as well as of all other creditors of the Behnkes, conditioned for the payment by Gieseke of such moneys, or any such part thereof as might be legally demanded by any of such creditors who might be entitled to the same. This bond was accordingly given. These plaintiffs were not parties to the proceedings in which such order was made and bond given. This cause was tried in September, 1887. The court allowed plaintiffs a recovery against Gieseke, on account of their judgments against Behnke, of the amount of money so paid to Gieseke by the sheriff,—the proceeds of the sale of the debtors' property,—with interest, after allowing or deducting some prior judgments in favor of certain other creditors.

Upon the trial of this cause the defendant Gieseke offered to prove that on the 13th of June, 1879,—the same day that Gieseke received from the sheriff the proceeds of the execution sale,—an amended statement, such as would have been sufficient for the entry of a judgment upon confession, was executed in his favor by Albert Behnke, the survivor of the partnership debtors; and that on the 9th of September, 1879, in the trial of the action of Wells above referred to, but without notice to any of these plaintiffs, the district court allowed the same to be filed *nunc pro tunc*, and that the same was so filed. The ruling of the court, excluding this evidence, was right. If received it should not have been allowed to affect the result of this action. As to these plaintiffs the prior judgment was unauthorized and voidable. They had acquired a judgment against the same debtor, and by execution levied upon the property in question had acquired a specific lien thereon, and the legal right to have it applied in satisfaction of their judgment, unless the defendant had a superior right by virtue of his prior judgment, which was subject to be avoided by subsequent judgment creditors. The plaintiffs had commenced this action for that purpose, and to have their legal priority judicially determined. Upon the facts as they then stood the plaintiffs were entitled to that relief. They could not be deprived of that legal advantage, and their rights be judicially postponed to those of the defendant, by an order of the court allowing

a new foundation to be laid *nunc pro tunc* upon which to sustain the prior defective judgment, without notice to them or opportunity to be heard. The order and finding did not affect their rights in this action.

But, even if there had been notice and opportunity to be heard, the order could not have affected the plaintiffs' right to the relief sought. The decision in *Wells* v. *Gieseke* is decisive of the question here. This case is not distinguishable from that in any essential particular favorable to this defendant. The cases are chiefly distinguishable from the fact that Wells was a party to the proceedings relating to the amendment, as these plaintiffs were not. The fact that these plaintiffs did not seek to enjoin the execution sale is unimportant. There was no reason affecting the defendant's interests requiring the plaintiffs to seek such a remedy. An injunction would serve no purpose of the defendant which he might not have voluntarily secured by forbearing to sell until the priorities of the parties should be determined in this action already pending. The title of the purchaser is not assailed, nor is it sought to charge the sheriff with responsibility. Probably his writ did not disclose any defect in the judgment, and it may be assumed that he was blameless in selling, and in paying over the proceeds to Gieseke, in obedience to the command of the writ. But it does not follow that Gieseke is not responsible to the extent of the proceeds derived from the sale. This action having been commenced to subordinate the defendant's judgment to that of the plaintiffs, and to have the property, upon which both executions had been levied, applied first in satisfaction of that of the plaintiffs, the defendant should not be allowed to avoid the proper results of the action merely by proceeding with the sale and appropriating to himself the proceeds. It seems, indeed, that he expressly obligated himself, by bond for the benefit of all the creditors, to repay the money to any who might be entitled to it. But his liability to these plaintiffs need not rest upon that express obligation. He received the proceeds of the sale of the property in question subject to the results of this action, then pending, in which the legal rights of the parties as to precedence in the application of this property were being litigated. The sale of the property held under the

several executions transferred the title to the purchaser discharged of the liens of all these executions, and the fund arising from the sale thenceforth stood in place of the property as a subject of this litigation; these facts being properly presented by supplemental pleading. Freem. Ex'ns, §§ 176, 447.

We are asked to overrule *Wells* v. *Gieseke* as to the effect upon the rights of subsequent judgment creditors of the amendment allowed to be filed *nunc pro tunc*. We are, however, still of the opinion that that decision was right. We have no occasion to consider whether the result would be the same in a case where the amendment allowed or defect supplied *nunc pro tunc* is to cure some neglect, omission, or fault of the court or of its officers, by reason of which the action of the court has not been properly shown in its records, and for which, as has been considered under various circumstances, suitors who are themselves without fault should not suffer. Such cases are distinguishable from those, like that before us, where the failure of a party to secure a legal judgment is wholly attributable to his own misfortune or fault. See Freem. Judgm. §§ 56, 57, 60, 68, and cases cited.

The court properly allowed interest upon the money to which the plaintiffs were found entitled. The defendant received the money, and presumably has used it for his own purposes. The plaintiffs were of right entitled to it, and this action to enforce that right was pending when the defendant received the money from the sheriff. No other or more specific demand of payment was necessary. Interest was allowable as damages for the retention of the money. See 1 Am. Lead. Cas. 518, *et seq.* This conclusion is not in conflict with the decision in *Sibley* v. *County of Pine*, 31 Minn. 201, (17 N. W. Rep. 337.)

The mere fact that this action stood so long without being brought to trial affords no reason for disturbing the decision upon the merits. The defendant might have moved its trial if he had desired an earlier disposition of the case; or he might have had the action dismissed if the plaintiffs neglected, without cause, to prosecute. We are not informed by the record why the trial was so long postponed. It may have been with the consent of the defendant.

If the sheriff ought originally to have been made a party to the action the defect has been waived by stipulation.

Judgment affirmed.