## JAMES W. McCUE v. WILLIAM H. WEIBELER.[1]

January 26, 1917.

Nos. 20,088—(207).

**Judgment — action to set aside for fraud — complaint defective.**

1. A complaint, brought to set aside a judgment obtained by means of an alleged fraudulent act or practice of the prevailing party, must by clear, direct and positive averments show that the action is brought within the time stated in section 7910, G. S. 1913. The complaint in this case does not contain such allegations, and it is also defective in other respects.

**Same.**

2. The claimed second cause of action is not well pleaded. The judgment in question duly docketed was not void, under the statute in force when it was rendered, unless there was neither a judgment entered in the judgment book, nor a judgment indorsed upon the statement of confession. The complaint fails to allege that this judgment was not so indorsed, therefore it fails to show it a nullity.

Action in the district court for Hennepin county to set aside a certain judgment against plaintiff in favor of defendant entered in the district court for Scott county and sale on execution thereunder. From an order, Morrison, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*F. C. & H. A. Irwin and W. H. Leeman,* for respondent.

HOLT, J.

This action was brought in April, 1916, to vacate and set aside a

[1] Reported in 161 N. W. 143.

judgment by confession, entered and docketed in the district court of Scott county April 25, 1905, and to remove the cloud cast by it and an execution sale thereunder upon the title of certain lands owned by plaintiff. The court sustained a demurrer to the complaint. Plaintiff appeals.

After alleging the entry of the judgment upon confession on the above date, the complaint proceeds to state that prior thereto plaintiff had employed an attorney to act for him in probating his father's estate; that this attorney fraudulently induced plaintiff to sign a blank confession of judgment in favor of defendant upon the false representation that it was a paper needed in the probate proceeding, which confession was thereafter filled out and the judgment entered. It may be conceded that the complaint well pleads such fraudulent act or practice of the prevailing party (by his attorney) that relief could be obtained under section 7910, G. S. 1913, were the allegations in other respects sufficient. This statute is one granting relief to an extent not obtainable under any procedure in law or equity existing prior to its enactment, and hence the pleader must bring himself clearly within its provisions. One of the provisions is that the action must be brought within three years after plaintiff discovered the fraudulent act, practice or representation by which the judgment was obtained. The allegations as to the time of discovery of the fraudulent act must be direct, positive and unequivocal. Bomsta v. Johnson, 38 Minn. 230, 36 N. W. 341. The only allegations in respect to the discovery of the fraudulent act or practice are these: "Plaintiff further alleges that said plaintiff did not at any time know that said Irwin (the attorney) intended to write upon said blank form any confession of judgment against him in favor of said Weibeler, and did not thereafter know that any confession of judgment had been in fact signed by him until on or about March 21, 1914, and alleges that neither said defendant nor said Irwin at any time or place from said April 25, 1905, until March 21, 1914, ever mentioned to plaintiff that any judgment had been in fact docketed against him or made any demand upon said plaintiff for the payment thereof." It is plain that the first allegation in the quoted paragraph does not disclose when plaintiff discovered that the judgment had been entered. Neither does the averment that he did not know that any confession of judgment had

135 M—28

been signed by him until on or about March 21, 1914, amount to a direct allegation that he did not discover prior to March 21, 1914, that a judgment had in fact been rendered against him. At most it is only by way of argument or inference that the conclusion could be arrived at that there was lack of knowledge of the entry of judgment because there was lack of knowledge that he had signed a confession of judgment. Whether or not the defendant, or his attorney, mentioned to plaintiff that the judgment had been docketed, or asked him to pay it, has only an indirect bearing on the necessary allegation when plaintiff first learned of its existence.

There are also other defects in the complaint which throw doubt upon the justice of plaintiff's claim. The confession of judgment was based upon three promissory notes, admittedly executed by plaintiff to defendant, aggregating $378.31, and upon an open book account of $310.36. The notes were dated in 1894, 1896 and 1898, respectively. And the allegation is made that, in order to toll the statute of limitation, a small payment was falsely indorsed upon each note on February 20, 1900. He also states on information and belief that two of the notes were paid by the giving of the third; that plaintiff was not indebted upon said notes as shown in the confession of judgment; and that defendant had failed to credit plaintiff on said notes with eggs and butter delivered by him to defendant. And on information and belief also plaintiff further avers that the claim upon the book account mentioned was wholly false. It may well be doubted whether the court will now annul this judgment, if plaintiff at the time of its rendition was justly indebted to defendant in the amount thereof. If the debt upon which the judgment is predicated had no existence, plaintiff must know it, and his allegation on information and belief that it did not exist is certainly evasive.

Plaintiff also contends that the complaint states two causes of action, and, even if it be fatally defective in the particulars already alluded to, it should be sustained as stating facts showing that no judgment was ever rendered, and that the purported docketing of a judgment is a nullity which could not support the issuance of an execution and a sale of the land in question. The allegation in this respect is: "Plaintiff further alleges that no entry of any judgment upon said purported confession of judgment was ever at any time written in the judgment book

of said court by the clerk thereof as then required by law, nor was any copy of any such judgment attached to said purported confession as then required." The Revised Laws of 1905 had not gone into effect when this. judgment was rendered and section 6079, G. S. 1894, reads: "The statement may be filed with the clerk of the district court, who shall indorse upon it, and enter in a judgment-book, a judgment of the district court for the amount computed. The statement and verification, with the judgment indorsed thereon, become the judgment roll." It will be noted that the complaint does not allege that a judgment was not indorsed upon the statement. The law then did not require "a copy of the judgment" to be attached as it now does. If the judgment was indorsed on the statement it is not fatal that it was not entered in the judgment book. In Wells v. Gieseke, 27 Minn. 478, 8 N. W. 380, it was held with reference to this provision of said section 6079, G. S. 1894: "The indorsement * * * on the statement filed, and the entry * * * in the judgment book, [are] each an original. The omission of either, the other being made, does not render void a docketing of the judgment, or an execution issued on it."

Whether the complaint be viewed as attempting to state one cause of action or two we deem it insufficient. When a judgment has been duly docketed for such a great length of time, and when the judgment debtor, with full knowledge of the issuance and levy of an execution thereon upon land in which he is interested, has suffered the judgment creditor to proceed with a sale thereunder and incur the expenses incident thereto, without seeking any relief until two years thereafter, he should make it appear by a pleading containing clear and positive averments that he is entitled to such relief.

Order affirmed.