BARKDULL, Chief Judge.
This cause arises out of a post-final judgment order entered by the trial court, refusing to permit the appellants to prevail on_ what they styled “Motion to Intervene and for Distribution of Collateral Funds”. The facts giving rise to this motion are as follows :
Some time in I960, the appellee, Harris and Company Advertising, Inc., sought a judgment against the Republic of Cuba. *671 Some time in 1961, the appellants sought to recover a judgment against the Republic of Cuba in an independent law action. By the spring of 1961, the creditors of the Republic of Cuba had reduced their claims to judgment and were proceeding to attach assets of the judgment debtor wherever found in the State of Florida. One such asset located with a shipment of tobacco in Hillsboro County, Florida. The appellants and the appellee, as judgment creditors of the Republic of Cuba, sought to levy on this tobacco, each claiming priority over the other. In order to settle their dispute, they entered into an agreement which read, in part as follows:
^ ^ ^
“1. It is mutually acknowledged that both parties hereto are judgment creditors regarding the Island of Cuba and/or its assets, and
“2. It is mutually acknowledged that both parties hereto have judgment-creditor rights (not specifically determined) against a shipment or cartons of tobacco presently being held in the custody of a Sheriff of the State of Florida in the area of Tampa, Florida, as a result of levy or levies of execution and/or order of Circuit Court of Dade County, Florida, by the Honorable Francis J. Christie.
“It is further mutually agreed that both parties are desirous of avoiding litigation or proceedings regarding their status or priorities or rights as judgment creditors as relate each to the other, and desiring herein to amicably and forthwith without legal proceedings to determine and settle their relative rights, interests, privileges and/or degrees of preference, if any, as judgment creditors, * * * [Emphasis supplied.]
This contract was styled in both common law actions instituted by the separate parties. Subsequently, the parties entered into a stipulation in the common law action instituted by the appellee, which read, in part,, as follows:
“COME NOW, TERRY KANE, LOUIS KANE and H. A. KANE, as judgment creditors of the Defendant herein, and Plaintiff HARRIS AND' COMPANY ADVERTISING, INC., a Florida corporation, by and through' their respective counsel and enter into-this Stipulation regarding the disposition of certain ‘tobacco monies’ heretofore the subject of litigation before this Court in the case of TERRY KANE, LOUIS KANE and H. A. KANE v. HARRIS & COMPANY ADVERTISING, INC., et al, No. 62C 9739[Emphasis supplied.] x * *
Thereafter, an opinion of this court was-rendered [see: National Institute of Agrarian Reform v. Kane, Fla.App.1963, 153' So.2d 40], reversing the judgment held by the appellants. The net effect of this opinion was to hold that the appellants were-never possessed of a valid judgment. Thereafter, the appellants filed the motion: which resulted in the order here under review.
At the time the motion came on for-hearing, the trial judge entered the following order:
“ORDER
“THIS CAUSE coming on to be heard upon Motion to Permit Intervention, Distribution of Collateral Funds' heretofore filed on behalf of Terry Kane, H. A. Kane and Louis Kane,, and the relief sought therein, and’ counsel for the various parties herein having appeared and argued their objections to the said Motion, and the relief sought therein, and the Court having considered the arguments of counsel and the various objections to the said Motion, and it appearing unto the Court that the Kanes had petitioned to intervene herein based upon a contract entered into in consideration of that *672 certain Final Judgment entered in this Circuit Court, Case No. 61L 730, which Judgment was subsequently declared to be null and void, ab initio, by the District Court of Appeal of Florida, Third District, in the case of National Institute of Agrarian Reform vs. Terry Kane, et al., 153 So.2d 40 (May 14, 1963), and the Court being otherwise fully advised in the premises, it is
“ORDERED AND ADJUDGED that the said Motion to Permit Intervention, Distribution of Collateral Funds, and the relief sought therein, be and the same is hereby denied.” * * *
The effect of the trial judge’s order was to hold that there had been a complete failure of consideration in the execution of the agreement of November, 1961, between the parties, and all rights asserted by each subsequently arose from said agreement and, the consideration having failed, the appellants were possessed of no rights in and to the proceeds then being distributed by the trial judge in the common law action instituted by the appellee against the Republic of Cuba. The appellants have appealed and asserted that the trial judge erred in denying their petition to intervene and in denying a distribution of the proceeds.
As to tlie first objection, it is apparent that intervention is not permitted in common law actions. See: Warshaw-Seattle, Inc. v. Clark, Fla.1955, 85 So.2d 623; 24 Fla.Jur., Parties, § 24. However, in the instant case the appellants were parties to the action instituted by Harris by virtue of the stipulation agreement entered into in November, 1961, and ultimately filed in the common law action of Harris and Company Advertising, Inc. And, if the appellants were possessed of any rights by virtue of said stipulation, they would be entitled to enforce them in the Harris action. However, no error was committed by the trial judge if he, in fact, denied the petition for intervention [as his order says]. It was merely harmless error, in that it does not appear under the facts and the law that the appellants were entitled to a distribution pursuant to the agreement of November, 1961, because of a complete failure of consideration. See: Shortell v. Evans-Ferguson Corporation, 98 Cal.App. 650, 277 P. 519; Soevyn v. Ruhl, S.Ct. 1951, 104 N.Y.S.2d 771; Bradstreet v. Crosbie, 123 Okl. 269, 253 P. 63; Conran v. White & Bollard, 24 Wash.2d 619, 167 P.2d 133; 19 Fla.Jur., Judgments and Decrees, § 254. The appellants rely strongly on Henderson v. Kendrick, 82 Fla. 110, 89 So. 635, as support for their argument, despite the fact that the judgment which they forbear collection of turned out to be a null and void judgment, contending that the very action of the forbearance entitled them to recover under the agreement, notwithstanding the fact that they no longer have a judgment. However, a review of this decision discloses that the agreement was between the prospective judgment debtor and the prospective judgment creditor, whereas in the instant case the agreement was between two alleged judgment creditors. The reasoning for the holding in the Henderson case is that the mere act of seeking' collection against one constitutes harassment and inconvenience, even if the claim is not ultimately upheld; and a forbearance to seek such a collection [which eliminates such harassment and inconvenience to an alleged debtor] will furnish sufficient consideration to support a promise to pay a certain sum of money. However, in the instant action both appellants and appellee had already engaged in harassment and inconvenience to the judgment debtor and received the award of their judgments, and the Henderson case does not appear applicable in this cause.
To further indicate why the contract of November, 1961, should not be enforced in the instant action because of a failure of consideration, is the obvious fact that if the appellants had in effect sold the tobacco at a judicial sale and realized the profits therefrom and subsequently had their judgment declared null and void as in effect'it was [see: National Institute of Agrarian *673 Reform v. Kane, supra], they would have been liable not only to the former judgment debtor for the return of the proceeds realized from the judicial sale [see: Johnson v. McKinnon, 54 Fla. 221, 45 So. 23, 13 L.R.A., N.S., 874; 13 Fla.Jur., Executions, § 66], but they would have been liable to account for said proceeds to any judgment creditor whom they might have deprived of said proceeds at the time of the sale. See: Auerbach v. Behnke, 40 Minn. 258, 41 N.W. 946.
Therefore, it appears that the trial judge was correct in denying the relief sought by the appellants, and his action is hereby affirmed.
Affirmed.