## CORDIER *v.* SCHLOSS & HEILBRONER.

Richards *v.* McMillan *et al.*, (6 Cal. Rep. 419) affirmed.

The Legislature did not intend any more definiteness of particularity in cases of confession of judgment, than in complaints upon the same cause of action in the ordinary course of procedure. BALDWIN, J.

The old rules of Chancery pleading are superseded by the Practice Act. *1 b.*

APPEAL from the Fourth District, County of San Francisco.

This action in the Court below was Ernest Cordier *v.* M. Schloss, Joseph Heilbroner, Joseph S. Kohn, Morris Kohn and David Scannell.

At the date of the transactions in the case, the defendants, M. Schloss and Joseph Heilbroner (who are the only appellants), were

merchants in New York, residing there and doing business under the name of Schloss & Heilbroner. The other defendants, Joseph S. Kohn and Morris Kohn, were dealers in San Francisco or Sacramento, under the name of Joseph S. Kohn & Brother, and insolvent. The remaining defendant, David Scannell, was Sheriff of the County of San Francisco.

On February 18th, 1857, a judgment by confession for $2,616, with $13.75 costs, in favor of the defendants, Schloss & Heilbroner, against the defendants, Joseph S. and Morris Kohn, was entered up in the District Court of the Fourth Judicial District.

The statement on which the judgment was entered is as follows:

STATEMENT.

" SCHLOSS & HEILBRONER,
              Consisting of
    M. SCHLOSS & JOSEPH HEILBRONER,

*v.*

JOSEPH S. KOHN,
MORRIS KOHN,
    Partners under the firm name of
        KOHN & BROTHER.

" The defendants state and admit that they are justly indebted to the plaintiffs in the sum of two thousand and four hundred dollars, and interest thereon at the rate of one per cent. per month, from the fifteenth day of May, 1856, for which amount they consent that judgment may be entered against them by the Clerk of said District Court, in his office; and the facts out of which said indebtedness accrued, are as follows, to wit: That the plaintiffs are the owners of the following promissory note, made by said defendants, to wit:

" ' SACRAMENTO, May 15th, 1859.

" ' $2,400.

" ' Eight months after date we promise to pay to the order of ourselves, in the City of New York, two thousand and four hundred dol-

lars, at the rate of one per cent. (1 pr. ct.) per month until paid, value received.

" ' (Signed)     JOSEPH S. KOHN & BRO.'

" That the said note was given by the said defendants to the said plaintiffs for goods sold and delivered to the defendants by the firm of Schloss & Heilbroner, the plaintiffs aforesaid, and money had and received by defendants; that the consideration for said promissory note was said money and goods, sold by plaintiffs to, and received by them, the defendants aforesaid.

" That the sum above by us confessed, is justly due to the said plaintiffs, on the foregoing note, after allowing all just credits and off-sets, without any fraud whatever, for which amount they do hereby authorize the Clerk of said Court to enter up judgment against them, the said defendants."

Dated, SAN FRANCISCO,
        the            day of February, 1857.

City and County of San Francisco, ss :        ☞

" Joseph S. Kohn and Morris Kohn, the defendants aforesaid, each for himself, being sworn, says that the above statement of confession is true.

(Signed)     JOSEPH S. KOHN,
                 MORRIS KOHN.
Sworn to before me, this eighteenth day of February, A. D. 1857.
                 P. K. WOODSIDE,
                     Dep. Co. Clerk."

Upon this judgment, execution was, on the same day, issued to the defendant, Scannell, under which he levied on all the property of the defendants, Kohn, being the entire stock of dry goods in their store in San Francisco.

The next day, February 19th, 1857, the plaintiff in this action commenced suit in the same Court, against the defendants Kohn, for goods sold and delivered, and money lent and advanced, and issued an attachment for the amount to Scannell, Sheriff.   In this latter action

judgment was, in due course, recovered by the plaintiff for $1,795, with $74 costs.

The goods in the hands of the Sheriff having been sold, produced about $2,400.    This being insufficient to satisfy the execution of Schloss & Heilbroner, and the attachment of the plaintiff, the latter, on March 28th, 1857, commenced the present action (in equity) against all the defendants above named, to set aside the judgment by confession in favor of Schloss & Heilbroner, as fraudulent and void in law and in fact; to have the levy of their excution postponed to the levy of the plaintiff's attachment, and to have the proceeds of the sale in the Sheriff's hands subjected first to the plaintiff's attachment, and for general relief; also for a temporary injunction.

To the complaint, which was verified, separate demurrers were interposed by the defendants, Schloss & Heilbroner.    The demurrers were overruled, and they answered separately, as did also the defendants Kohn.    The case was tried before the Court without a jury, and the Court decreed that the judgment by confession, so far as it affects the lien and judgment of the plaintiff in this action, be set aside.

Schloss & Heilbroner appealed to this Court.

Many points were raised by the record and argued by counsel, which this Court declined to pass upon, deeming it sufficient to reverse the judgment of the Court below upon the authority of the case of Richards *v.* McMillan *et al.*, 6 Cal. 419.

*Shattuck, Spencer & Reichert* for Appellants.

*Eugene Casserly and Harmon & Labatt* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring in a separate opinion.

This is a proceeding to set aside a confession of judgment made by Kohn & Co. in favor of Schloss & Heilbroner.

The allegations of fraud in the complaint are sufficiently controverted by the answer; and the evidence shows that the amount for which judgment was confessed was actually due Schloss & Heilbroner by Kohn & Co.

The case is entirely analogous to that of Richards *v.* McMillan *et al*, (6

Cordier *v.* Schloss & Heilbroner.

Cal. 418) and as we see no reason to question the correctness of that decision, the judgment of the Court below is reversed.

BALDWIN, J.—I agree with the Chief Justice in the conclusion at which he has arrived. After an attentive examination of the case, I think we are precluded by the case of Richards *v.* McMillan, from holding that the failure to state more specifically the cause of action in the affidavit avoids the judgment. The want of this more complete statement is, at most, only *prima facie* evidence of fraud. Indeed, if disposed at all to interfere with that case, I should feel disposed, notwithstanding the New York cases, to question whether a judgment so confessed was even *prima facie* fraudulent, mainly for the reason that the rule invoked, if such it can be called, requiring a fuller statement of the facts, wants the essential element of certainty. It is better to have a rule less correct than one better in the abstract, but more difficult of ascertainment and application. The question is not easy of answer, if the brief, general statement in this case is not sufficiently certain, what would be essential. How minute ought to be the statement of the transaction out of which the indebtedness confessed grows? Is it to be governed by the circumstances of each particular case? Then we should probably have litigation in each case to determine the sufficiency of the statement in that case. I cannot think the Legislature intended any more definiteness of particularity in case of confession of judgments than in complaints upon the same cause of action in the ordinary course of procedure. But as this is a question of practice, and many judgments have probably been taken under it, we consider it better to let the decision in the case of Richards *v.* McMillan stand.

The other points made in the learned and elaborate brief of the appellants' counsel, I think are not well taken. It is impossible in the pressure of business to consider at length the various questions raised. I think that the old rules of Chancery pleading are superseded by the Practice Act; that the material charges of fraud are all substantially denied in the answer. Those insufficiently stated, if admitted, are not sufficient to establish the fraud charged: that the deposition of the book-keeper of defendants having been taken on examination and

cross-examination, was properly admissible ; at any rate we could not review the error, if any, in the Court in refusing to exclude it ; and that the proof made by defendant, tended strongly to sustain the judgment and remove the presumption of fraud raised by the form and circumstances of the judgment.

As, however, the Court below decided the question, apart from any question of these proofs, on the first point, and thereby the plaintiff may have omitted to introduce testimony on the other points, the parties may be allowed to try the case fully on the facts unaffected by this judgment.