## WA CHING ET AL., PLAINTIFFS, *v.* CHRIS. CONSTANTINE, DEFENDANT.

PRACTICE—CHANCERY PLEADING.—The old rules of chancery pleading are abolished by the code.

IDEM—EQUITABLE DEFENSE—PLEADING.—Under the provisions of sec. 49 of the code, an equitable defense may be pleaded to a legal cause of action.

IDEM—EQUITABLE JURISDICTION—LEGAL JURISDICTION.—Legal and equitable relief may be sought in the same action, and by the same complaint, but the grounds therefor must be distinctly and separately stated.

ADJOURNED into this court from the district court of the second judicial district, Boise county. Demurrer to complaint.

*Ainslie & Foote*, for the plaintiffs.

*S. A. Merritt*, for the defendant.

BOWERS, C. J., delivered the opinion, KELLY and MILLER, JJ., concurring.

This cause comes into this court from the second judicial district court, by agreement of the parties, under and in accordance with the provisions of section 326 of the civil practice act. The question submitted for determination is, whether or not an action at law may be blended with a petition for auxiliary relief addressed to the equity powers of the court, under the law and practice of this territory. It is conceded by counsel, that our system as defined in the practice act is the same as that of California. Under the practice in California the actions may be so blended, the courts only requiring that, "in the comments of a complaint in an action at law, the grounds of equity interposition should be stated subsequently to and distinct from those upon which the judgment at law is sought." (*Natoma Water and Mining Co.* v. *Clarkin*, 14 Cal. 544.) Section 1 of our practice act reads: "There shall be in this territory but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be the same at law and in equity." Under a section substantially the same as this, it has been

held in California, that civil actions embrace both legal and equitable actions. (19 Cal. 481.) Also, that the forms of action have been abolished by the code. (24 Cal. 463; 18 Id. 127; 16 Id. 243; 12 Id. 147.)

Section 39 of our practice act is as follows: "The complaint shall contain: 1. The title of the action, specifying the name of the court and the name of the county in which the action is brought, and the names of the parties to the action, plaintiff and defendant. 2. A statement of the facts constituting the cause of action, in ordinary and concise language. 3. A demand of the relief which plaintiff claims. If the recovery of money or damages be demanded, the amount thereof shall be stated."

This is precisely the language of the thirty-ninth section of the California practice act, and the courts of that state have in a number of instances given a judicial construction to the section. We feel fully justified in saying that the conclusion they have reached is, in effect, that the old rules of chancery pleading are suspended by the codes. (12 Cal. 147.) The forty-ninth section of our practice act is as follows: "The defendant may set forth by answer as many defenses and counter claims as he may have. They shall each be separately stated, and the several defenses shall refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished."

Now, were we to hold that actions at law and in equity can not be blended in this territory as in California, it would be equivalent to nullifying section 49 of the practice act, to say nothing of its effect upon the first and thirty-ninth, which three sections, it will be seen, form, in great part, the substantial base upon which our code of procedure is erected. No one will deny but that actions at law are now, and so long as our practice act remains as it now is will be often brought in the future, to which an equitable defense may be interposed, if such an one is permissible; and it would be strange, indeed, should we find a court holding that such a defense could not be made, in view of the forty-ninth section just quoted.

The foregoing, it would seem, should be decisive of the

question; but it is said that in the case of *Stacy* v. *Abbot*, the district court came to a different conclusion. In that case the rule is stated as follows: "I conclude that in all cases arising under the laws of the territory, it is competent for the legislature to regulate the practice which shall obtain in the territorial courts, including chancery as well as common law cases."

This we deem a correct statement of the law. The judge of that court proceeds, however, to add that "the two jurisdictions can not be blended in the same complaint." This latter, however, was not an issue in the case, nor was it necessarily decided. It may, therefore, reasonably be deemed *obiter*, and we doubt very much whether Judge Cummins himself would feel bound by it as an adjudication of the question until after deliberation directed to that particular question, he had reached the same conclusions.

Our answer, therefore, is that the two jurisdictions may be blended in the same complaint, subject only to the condition that the different grounds of relief shall be distinctly and separately stated.

Cause remanded to the district court with directions to overrule the demurrer to the complaint.