[No. 1361.   Decided January 8, 1895 ]

PUGET SOUND NATIONAL BANK OF SEATTLE, *Respondent v.*
    SAMUEL LEVY ET AL., *Defendants*, SAMUEL LATZ ET
    AL., *Appellants*, FRANCIS BAWO ET AL., *Respondents.*

PUGET SOUND NATIONAL BANK, OF SEATTLE, *Appellant, v.*
    SAMUEL LEVY ET AL., *Respondents*, FRANCIS BAWO ET
    AL., *Appellants.*

JUDGMENT BY CONFESSION—WHAT CONSTITUTES—SUFFICIENCY OF
    STATEMENT—VERIFICATION—RECEIVER—RIGHTS OF ATTACH-
    ING CREDITORS.

Where a debtor employs his own attorney to bring suit against him in behalf of a certain creditor, and consents to an entry of judgment therein, so as to work a preference in favor of such creditor, the judgment is one by confession, and must be regulated by the requirements of Code Proc., § 419, providing that a statement for judgment by confession must be verified and must contain a concise statement of the facts out of which the indebtedness arose.

In order to warrant a judgment by confession upon a promissory note, the confession must contain a statement of the facts constituting the consideration for a promissory note.

The fact that the indebtedness upon which judgment is confessed

may be *bona fide*, will not excuse strict compliance with the statutory provisions governing such proceeding.

Error in the appointment of a receiver at the instance of attaching creditors cannot be urged on appeal by a party who is not a judgment creditor.

The act of a debtor in preferring one creditor over another does not amount in this state to a general assignment, and in a suit by certain creditors to set aside such judgment, it is erroneous for the court to order a receiver appointed in the cause to hold the property for the benefit of all the creditors of such debtor, as only the creditors participating in the action are entitled to its fruits.

*Appeal from Superior Court, King County.*

*Metcalfe & Jurey*, for appellants.

*Carr & Preston, W. R. Bell, Stratton, Lewis & Gilman* and *Emmons & Emmons*, for respondents.

The opinion of the court was delivered by

STILES, J.—This action was brought by the Puget Sound National Bank of Seattle, as an attachment creditor of Samuel Levy, to have certain judgments rendered upon the confession of the said Levy in favor of Samuel Latz and Carmi Dibble set aside and declared void. Other subsequent attachment creditors intervened in the action for the purpose of obtaining a similar remedy. The grounds upon which the action was brought were, (1) actual fraud in that it is alleged that no indebtedness existed between Levy and the persons in favor of whom the judgments were confessed ; and, (2) that the manner of taking the judgments did not comply with the statute in that the statement filed was not verified by oath of the judgment debtor, and did not state concisely the facts out of which the indebtedness arose, as required by Code Proc., § 419.

Upon the first ground the court held with the appellants, and found the relation of debtor and creditor existed in good faith between Levy and Latz and Dibble ; and we shall not investigate that question, deeming the findings of the court below to be justified by the evidence.

But upon the second point the court held with the respondents, and decreed the judgments to be void as against the creditors of Levy. The manner in which these judgments were taken made it impossible for the plaintiff in the case to rest its suit upon the face of the papers constituting the judgment roll, and compelled it to take evidence showing the manner in which the judgments came to be apparently valid judgments of record in the county of King.

In form the judgments were not entered without action, as provided by Code Proc., §§ 418–420, but they were in the form provided by §§ 414 and 417. The evidence taken was for the purpose of showing that while in form the judgments were entered in pending actions, they were in fact judgments by confession entered voluntarily by the debtor, and that the plan adopted was a scheme whereby the pendency of the actions would be concealed from other creditors and the debtor would not be required to set forth the particulars of the indebtedness confessed, or verify the confession.

Samuel Levy was doing business as a merchant in the city of Seattle, engaged in the sale of toys and notions. He had a stock of goods, worth some ten or fifteen thousand dollars. His debts to other creditors than Latz and Dibble amounted to about five thousand dollars. Latz, Dibble and one other creditor whose claim was included in these judgments, were all relatives by marriage. The alleged indebtedness was upon notes given at various times from one to three years prior to the date of the judgments. All of the notes drew interest, and little or nothing had been paid either of principal or interest upon any of them. The whole amounted to about ten thousand dollars. On or about December 20, 1893, Levy, being then pressed by his general creditors, sought out certain attorneys at law who. had theretofore been his regular counsel, and advised with them concerning the circumstances and how he could best prefer Latz, Dibble and Matilda Guttman out of his estate. He was advised that the preferable way to accomplish this was by means of confession of judgments and the levy of

executions thereunder by the sheriff. His attorneys advised him, however, that if he should make voluntary confession without the knowledge of the judgment creditors, other creditors might be able to get precedence by reason of the fact that the acceptance of the judgment creditors would be necessary before the judgments would become binding. It was also suggested that if the creditors whom he desired to prefer were to commence actions against him under the law prescribing the method of commencing actions, the whole matter could be kept out of the records of the court until such time as the papers were all prepared and the judgments ready for entry. Up to this time there had been no correspondence or communications whatever, between the attorneys and the creditors. The plan last mentioned was adopted, and it was arranged that Levy's attorneys should act for the creditors. This was on December 21st. Levy thereupon caused each of the three creditors to be notified to send their notes to his attorneys, and advised them of what was proposed. As soon as the papers arrived, the plan was put into effect, and on the 26th day of December his own attorneys, acting not only as the attorneys for the creditors but for himself, prepared a complaint in the ordinary form against Levy, summons directed to Levy, notice of appearance to be signed by him, the consent to entry of judgment and assent of plaintiff's attorneys,. motion for judgment and a judgment entry in blank. Levy being present, the summons was handed to an attorney occupying an office in the same building, who was called in to do the notarial work in the case, and he served it on Levy. Levy thereupon signed the notice of appearance and consent to the entry of judgment, which he acknowledged before the notary, plaintiff's attorney signed the assent, and the papers were carried at once to the clerk's office and filed, and immediately afterward were presented to one of the judges of the court, who thereupon signed the judgment entry. This was done in each case, and executions were forthwith issued and delivered to the sheriff, who levied upon Levy's stock, and

was proceeding to sell the same when this action was brought, and further proceedings enjoined.

Upon the face of the record the judgments were valid, and were voidable, if at all, only by the creditors. We have stated only the salient facts pertaining to this matter; a great many others are contained in the evidence, which go to sustain the view of the judge of the lower court, that the real object of these proceedings was to enable Levy himself to take such steps as would place his property beyond the reach of any of his creditors excepting those preferred in this manner.

The appellants lay great stress upon the fact that these proceedings were taken in an action within the meaning of those words as they are used in §414, but, in our view of the case, their position cannot be sustained. There was no action pending against Levy at any time, not even after the summons and complaint were served upon him. The attorneys for the nominal plaintiffs had no rightful control over them. They were retained by Levy, and were under his direction and control; so much so that had he so directed them they would have, and must have, entirely discarded these papers at any time before they were filed with the county clerk. Nominally, the attorneys were acting for Latz and Dibble, but in fact Latz and Dibble were merely the pliant assistants of Levy in carrying out his own plan. Latz was not even in the state, but was in the state of California, and in no wise directed the attorneys what to do. He merely sent the notes in compliance with the request of Levy. Dibble was present, but he assumed no direction over the matter, and merely complied with the request of Levy to put his notes into the hands of Levy's attorneys.

Now, it is possible for a debtor to make a confession of judgment in a pending action. It is possible, also, that such action may be brought at his suggestion, but when brought it must be in the usual sense a hostile action, and the debtor must have no control over it at any stage. In such an action the confession need only be acknowledged

and the statute does not prescribe what it shall contain. There are probably many other ways in which a debtor may practically confess a judgment, as by default, or by answer admitting the truth of the facts alleged in the complaint, but in such cases there is nothing secret about the proceeding, and creditors have an opportunity to become aware of what is going on and take steps accordingly. But in this case, as we view it, the only really substantial document filed in the court so far as the rights of other creditors are concerned, was the purported confession itself; the other papers were mere forms, and nothing more, used as covers for the actual proceedings. The judgments rested solely upon the confessions, except as between the parties.

Having come to that conclusion, but little more need be said. The confessions were not verified, and for that reason were absolutely void as confessions for want of compliance with § 419. And for another reason they were voidable, viz., because they did not contain a concise statement of the facts out of which the indebtedness arose. Each cause of action was stated to be upon a promissory note duly made and executed by Levy for a valuable consideration, and delivered to plaintiff, by which Levy agreed and promised to pay a certain amount with interest. It is settled law, wherever the method of confessing judgments contained in our statute prevails, that the confession must contain a statement of fact constituting the consideration for a promissory note. *Chappel v. Chappel*, 12 N. Y. 215 (64 Am. Dec. 496); *Freligh v. Brink*, 22 N. Y. 418; *Dunham v. Waterman*, 17 N. Y. 9 (72 Am. Dec. 406); *Richardson v. Fuller*, 2 Or. 179; *Bernard v. Douglas*, 10 Iowa, 370; *Bryan v. Miller*, 28 Mo. 32 (75 Am. Dec. 107); *Nichols v. Kribs*, 10 Wis. 68 (76 Am. Dec. 294); *Wells v. Gieseke*, 27 Minn. 478 (8 N. W. 380); *Davidson v. Alexander*, 84 N. C. 621.

Counsel for appellants suggest that the fact that the court found the indebtedness of Levy to Latz and Dibble to be *bona fide* ought to make a difference in the judgment in this case, but it will be found that in all the cases cited there is no question of the good faith of either party to the judgment.

A confession in this manner is a statutory proceeding, and the interest of creditors requires it to be strictly followed. The object of stating the facts constituting the consideration is, that creditors taken at such a disadvantage may inquire into the *bona fides* of the transaction and take such steps as they may be advised they are entitled to, to avoid the effect of such judgments. The only cases which have come to our notice where a different rule has been adopted are in California.

*Richards v. McMillan*, 6 Cal. 422 (65 Am. Dec. 521), and *Cordier v. Schloss*, 12 Cal. 147, held that upon a direct attack upon a judgment similar to the one at bar, the failure to state the facts showing the consideration for the debt confessed was *prima facie* evidence only of the invalidity of the judgment, and that the judgment creditor might show the actual sufficiency of the consideration as a defense. *Cordier v. Schloss*, 18 Cal. 576, was a second hearing of the case in 12 California, and the former rulings of the court on this question were adhered to under the doctrine of *stare decisis*, but a doubt is expressed as to the correctness of the rule. In *Wells v. Gieseke, supra*, it was pointed out that the proper way to sustain such a judgment, attacked for the deficiency named, was by amending it, and it was held that no amendments could be made which could affect the rights of creditors which had been fixed by attachment. We think this to be the better rule. But, however this question might be determined, the fact remains that these confessions were not verified, and they were therefore void upon their face. We therefore hold that upon the main point in issue the decree should be affirmed.

It is also suggested by the appellants that the court erred in appointing a receiver of the property levied upon by the sheriff, and also in authorizing him to take it from such officer, which was done. Had we reversed this case upon the merits we should have set aside the order appointing a receiver, but as the receiver was appointed at the instance of the attachment creditors to preserve the property and avoid certain expenses in connection with its preservation, and as

the appellants had no rights as judgment creditors, we shall not interfere with the order made. The attachment law authorizes the appointment of a receiver in cases arising under it.

The plaintiff and intervenors also appealed from the decision of the court which directed the receiver to hold the property for the benefit of all of the creditors of Levy, as though the action of Levy in confessing the judgments to Latz and Dibble had amounted to a general assignment for the benefit of creditors. Had Levy's confession of these judgments been followed by a voluntary assignment, it might have been open to us to sustain this decision, but in this state the mere act of the debtor in preferring one creditor over another has not been recognized as amounting to a general assignment. *Furth v. Snell*, 6 Wash. 542 (33 Pac. 830).

We think the position taken by respondents on their appeal is a correct one. They brought the suit, procured an attachment, endured the burdens of the action, and are entitled to its fruits. The suit was brought by the plaintiff for itself and such other creditors of Samuel Levy as might intervene. · What they ask here is that the first lien be awarded to plaintiff, the Puget Sound National Bank, the second to the intervenor, Cohen, Davis & Co., and the third to the intervenors, Bawo & Dotter. The appellant objects that at least the plaintiff and intervenors should share in the proceeds equally ; but inasmuch as they ask for a different adjustment we do not deem it proper to interfere, even did propriety require a different arrangement. At the prayer of the plaintiff and intervenors the cause on its merits will be affirmed, but it will be remanded to the superior court for an entry of a new decree requiring the receiver to sell the property, or sufficient thereof to satisfy the judgments of the plaintiff and intervenors, in the order specified, with their costs of this cause, and to return any unsold portion of the property to the sheriff for sale under the executions of Latz and Dibble ; or should all the property be sold by the receiver, and there be an excess over the judgments of the

plaintiff and intervenors, then such excess will be paid to the sheriff for a like purpose.

DUNBAR, C. J., and HOYT, J., concur.