No. A-CV-28-80

## COURT OF APPEALS OF THE NAVAJO NATION

May 2, 1983

Kenneth WILLIE, Appellant,

vs.

Ada WILLIE, Appellee.

Appeal heard October 4, 1982 before Chief Justice Nelson J. McCabe and Associate Justices Robert B. Walters and Tom Tso.

Joey Greenstone, Esq., Chinle, Navajo Nation (Arizona) for the appellant, and George A. Harrison, Esq., of Farmington, New Mexico for the Appellee.

In this appeal we are called upon to decide whether benefits under the Railroad Retirement Act of 1974 can be community property for the purpose of a divorce, and whether money held in an Individual Indian Money Account (IIM Account) can also be considered to be community property.

The decision of the district court was that both funds were the community property of these parties.

While the court has been urged to apply state law to this matter, federal law controls the nature of the accounts and Navajo law controls the property relations of the parties, therefore the appropriate law will be applied to the appropriate situations here. 7 NTC Sec. 204.

THE RAILROAD RETIREMENT BENEFITS

Any benefits given under the Railroad Retirement Act of 1974 are reachable by court orders only to the extent allowed by federal law, and there is a United States Supreme Court decision which controls our decision on this point. In Hisquierdo v. Hisquierdo the California Supreme Court found that the benefits would be coming from the husband's employment during marriage, and held they were community properly under California's community property law. 439 U.S. 572, 580 (1979). The United States Supreme Court noted that one of the statutes regulating the benefits contained a flat bar on reaching the funds by any legal process and held that it kept the states from treating them as a community property. Id. pp. 576, 590. The reason for this statute was to protect the fund and "to make it sure that the annuitant gets the pension." Id., p. 576, n. 7. Therefore we must hold that Railroad Retirement Act of 1974 accounts and funds cannot be included in the

community property of Navajo couples.

There is, however, an exception to the rule that these funds cannot be reached. Under 42 U.S.C. Sec. 659, federal benefits can be reached for child support or alimony obligations. Id., pp. 7-8, 16. The Supreme Court cautioned that a court may not offset an award of community property to make up for the fact that the retirement benefits cannot be reached, but a spouse can be compensated by alimony.

Therefore the district court's award of railroad retirement benefits to the wife as a community property was incorrect.

## THE INDIVIDUAL INDIAN MONEY OR TRUST ACCOUNT

Again, the reachability of these monies would appear to be a matter of federa law. There is a no specific authority for these accounts under Title 25 of the United States Code, but the stated justifications for term under federal regulations are 25 U.S.C. Sec. 2 (authority of the Commissioner of Indian Affairs in management of Indian affairs and relations) and 25 U.S.C. Sec. 9 (authority for the President to prescribed Indian affairs regulations). Therefore we look to the regulations to answer our question.

Very simply put, the regulation permits the Secretary of the Interior to pay out monies from IIM accounts for judgments rendered by a tribal court under tribal law. 25 C.F.R. Sec. 104.9. Therefore, as far as the Federal law which creates the account is concerned, tribal law will determine whether or not a legal debt exists.

It is important to remember that the government of the United States has not interfered in the local law field of domestic relations law, and state family law has not been interfered with in the field of property except when the state rule would do "major damage" to "clear and substantial" federal interests. Hisquierdo, supra, at p. 581. That same doctrine applies to Indian nations. Margold, "Power of Indian Tribes." 55 Interior Decisions 14, 40 (Solicitor's Opinion, Oct. 25, 1934). Therefore we refer to Navajo law to finally take care of the problem of whether these funds are community property.

Community property law is based on the idea that a marriage is a community to which each spouse contributes by building it up, and to which each spouse has an equal right when it dissolves. Meyer v. Kinzer, 12 Cal. 147, 251 (1859). There are exceptions to what property is included in the community, such as property acquired before marriage or property which is inherited or a gift, but individual as opposed to community ownership depends upon the method and timing of obtaining it. Hisquierdo, supra, at p. 578.

Under Navajo law all property acquired by a spouse during the marriage is community property, except for property which is a separate gift or inheritance and except for the earnings of a wife while she lives separate and apart. 9 NTC Sec. 205. There is another statute which gives definitions of what is separate and non-community property. That part of the statute which deals with the husband tells us that all property owned by him before the marriage or property he obtains by gift or inheritance is his separate property and it is not to be counted as a part of the property of the community. 9 NTC Sec. 202(a).

Therefore, since that statute also includes "the increase, rents, issues and profits" of the exempt property, there must be a determination of where the property came from.

## THE FINDINGS OF THE TRIAL COURT

It is clear that the railroad retirement benefits cannot, as a matter of law, be included in the community property. As to the remaining problems on appeal, this court is in no position to either make a determination of whether the IIM account is community or separate property or whether the amount of alimony awarded is adequate or excessive. The trial court does not have the full authority to "provide for a fair and just settlement of property rights between the parties," but the findings of the trial court do not show us how the final settlement was determined. Normally alimony will be left within the sound discretion of the trial court where it considers the needs of te parties and the resources available to satisfy those needs.

## DISPOSITION ON APPEAL

This case is REVERSED and remanded to the Chinle District Court for a determination of the nature of the IIM or Trust Account as community or separate property and in order to make findings as to the factual basis for the alimony awarded.