105 P.3d 411 (2004)
Ronnie A. CHILDS, Appellant,
v.
Barbara ALLEN and John Doe Allen, her husband, and the marital community composed thereof, and Pacific Treatment Alternatives; Respondents
Drug Abuse Council of Snohomish County, Inc., and the United Way Organization, Defendants.
No. 53036-4-I.
Court of Appeals of Washington, Division 1.
December 13, 2004.
Publication Ordered January 11, 2005.
*412 Marilyn Gunther, Kent, WA, for Appellant.
J. Robert Leach, Everett, WA, for Respondent.
COLEMAN, J.
Ronnie A. Childs sued Barbara Allen for damages related to a finding of dependency and the eventual termination of his parental rights regarding his daughter, RC. Childs alleges that Allen negligently performed a court ordered drug and alcohol evaluation and made inappropriate treatment recommendations. We affirm the trial court's order granting Allen's motion for summary judgment because Allen is entitled to absolute witness immunity and she was not the proximate cause of Childs' injuries.

FACTS
Childs is the biological father of RC. Childs and RC lived with RC's biological mother, Lenora Bailey, and Bailey's child from a previous relationship, AR. On October 30, 1998, the Department of Social and Health Services (DSHS) took RC and AR into custody and placed them in foster care pursuant to an ex parte juvenile court order. The court held a shelter care hearing on November 4, 1998. At the hearing, the court ordered Childs to obtain a drug and alcohol evaluation and follow any recommendations for treatment. The DSHS social worker referred Childs to Pacific Treatment Alternatives (PTA) for his evaluation. PTA had a contract with the State to perform evaluations for parents involved in dependency actions. PTA assigned Childs to Barbara Allen, a certified chemical dependency counselor, for evaluation.
On December 1, 1998, Childs saw Allen twice, once briefly that morning and then for an interview that evening. Childs was asked to complete a questionnaire about his drug and alcohol use. Additionally, Allen interviewed Childs about his drug and alcohol use. Childs refused to sign a consent to allow Allen to verify the information he gave by speaking with family and friends. Based on the information she had, Allen prepared an evaluation report. Allen stated that based on Childs' self-reporting, she did not find a substance abuse or alcohol problem. She did note that Childs could benefit from a mental health evaluation and questioned whether he minimized his marijuana use.
After Allen submitted her report to DSHS, she learned that Childs had two prior convictions for driving under the influence. During his evaluation, Childs specifically stated that *413 he did not have any prior alcohol related offenses. Allen also learned that Childs appeared in court in the dependency action smelling of alcohol and had an altercation with court personnel and police. Based on this new information, Allen changed her diagnosis of Childs to alcohol dependency with marijuana abuse and she recommended a structured chemical dependency program.
In May 1999, the court held a dependency hearing, during which Allen testified about her evaluation of Childs. At the end of the proceedings, the trial court found that Childs and Bailey neglected and emotionally abused RC and found RC to be dependent. The trial court entered extensive findings of fact and conclusions of law regarding the dependency. Childs appealed the dependency determination. This court affirmed the finding of dependency.
Subsequently, the State moved to terminate Childs' parental rights. At the conclusion of the trial, the court entered an order terminating Childs' parental rights. Childs' appealed the termination, which was affirmed by this court.
Childs then sued Allen, PTA, and others, alleging that Allen negligently performed Childs' drug and alcohol evaluation. Allen moved for summary judgment based on absolute or quasi-judicial immunity, lack of proximate cause, and collateral estoppel. On the date of hearing, Allen requested a continuance. The trial court granted the continuance, but conditioned it on counsel's payment of terms. Childs then filed a supplemental affidavit in opposition to summary judgment, attaching twenty-five exhibits. Allen and PTA moved to strike the exhibits. The trial court granted the motion to strike in part. The trial court also granted Allen and PTA's motion for summary judgment on the grounds of absolute witness immunity and proximate cause. The trial court did not reach the issue of collateral estoppel. Childs appeals.

STANDARD OF REVIEW
We review an order granting summary judgment de novo, making the same inquiry as the trial court. Hartley v. State, 103 Wash.2d 768, 774, 698 P.2d 77 (1985).

ANALYSIS
We first address whether the trial court erred in concluding that Allen was entitled to absolute witness immunity. "As a general rule, witnesses in judicial proceedings are absolutely immune from suit based on their testimony." Bruce v. Byrne-Stevens & Assocs. Engineers, Inc, 113 Wash.2d 123, 125, 776 P.2d 666 (1989). The purpose of witness immunity is to ensure frank and honest testimony before the trial court. Bruce, 113 Wash.2d at 126, 776 P.2d 666. Childs argues that the Washington appellate courts have reevaluated the doctrine of witness immunity and that it is no longer applicable in juvenile court proceedings. Childs relies primarily on Babcock v. State, 116 Wash.2d 596, 809 P.2d 143 (1991). Babcock, however, does not address witness immunity. In Babcock, the Washington Supreme Court held that DSHS caseworkers were not absolutely immune from suit for negligent investigation and placement of foster care children. In that case, the court framed this issue in terms of judicial immunity: "We must decide whether the absolute immunity granted judges under state common law should extend to caseworkers." Babcock, 116 Wash.2d at 606, 809 P.2d 143. The court noted that the legislature had already determined that caseworkers were not absolutely immune in placement and investigative decisions, citing RCW 26.44.056, which authorizes caseworkers to take custody of children in certain circumstances. Here, the issues were not negligent placement and investigation by a caseworker. Rather, the issue is whether Allen is entitled to absolute witness immunity as an alcohol and substance abuse evaluator.
Additionally, the case law relied upon by Childs addresses only DSHS caseworkers. See Tyner v. Dep't Soc. & Health Servs., 141 Wash.2d 68, 1 P.3d 1148 (2000); Gilliam v. Dep't Soc. & Health Servs., 89 Wash.App. 569, 950 P.2d 20 (1998); Lesley v. Dep't Soc. & Health Servs., 83 Wash.App. 263, 921 P.2d 1066 (1996); Babcock, 116 Wash.2d 596, 809 P.2d 143. Caseworkers have statutorily designated duties that go far beyond performing *414 evaluations such as that performed by Allen. Caseworkers are involved in investigating claims of abuse and neglect and are in the position to make placement decisions. Under these circumstances, the legislature and the courts have recognized that caseworkers are not entitled to absolute immunity. Allen, on the other hand, was not involved in the investigation and placement of RC. Allen was appointed to perform an evaluation to assist the court in its proceedings and was essentially an expert witness at the hearing. Thus, the same policy rationales for denying absolute immunity to caseworkers are not present here. The purpose of the absolute witness immunity is to encourage frank and honest testimony before the court. Bruce, 113 Wash.2d at 126, 776 P.2d 666. In this context, the examination and reports by the evaluator are integral to the testimony and therefore the courts should encourage frank and honest evaluations. Thus, the qualified immunity afforded to DSHS caseworkers does not affect the nature of the immunity granted to a substance abuse evaluator such as Allen.
Allen relies on Gustafson v. Mazer, 113 Wash.App. 770, 54 P.3d 743 (2002), to argue that she is entitled to absolute witness immunity. The facts of Gustafson are very similar to the facts present in this case. There, Margrett Gustafson and Michael Baker engaged in a custody dispute over their daughter, Maddison. Carolyn Elsey served as Maddison's guardian ad litem (GAL). Elsey determined that psychological evaluations of Gustafson, Baker, and Maddison would help her in making a recommendation. Elsey recommended that Dr. Irene Mazer perform the evaluations. Mazer's role "was to administer psychological tests, and conduct interviews, and report her findings from those tests and interviews" to the GAL. Gustafson, 113 Wash.App. at 772, 54 P.3d 743. Mazer initially told Elsey that she believed that Gustafson suffered from Munchausen syndrome by proxy (MSBP). Based on this report, Elsey brought an ex parte motion to have Maddison removed from Gustafson's custody. Mazer testified about her report at the ex parte hearing. Subsequently, Mazer determined that her initial assessment that Gustafson suffered from MSBP was unsubstantiated and she submitted an additional report to the GAL. Mazer testified at the custody hearing about her evaluations.
Gustafson sued Mazer and others for defamation and negligence. The trial court granted Mazer's motion for summary judgment, holding that Mazer was entitled to absolute witness immunity. The Court of Appeals, Division Two, affirmed the trial court's decision. The court dismissed Gustafson's argument that witness immunity did not apply because Mazer was negligent in preparing her report. The court concluded that "Mazer's memorandum, however, was part of the long, complex evaluation process that culminated in her testimony at the custody hearings and trial." Gustafson, 113 Wash.App. at 776, 54 P.3d 743. The court also pointed out that Mazer was retained to provide psychological evaluations for the GAL and that she had no independent role in the litigation or professional relationships with the parties. The court stated that Mazer assisted the GAL in performing her duties and that she served as a court-appointed expert. The court recognized the broad immunity afforded to witnesses and held that Mazer was immune from the suit.
The situation here is very similar to the situation in Gustafson. Here, DSHS referred Childs to PTA for a drug and alcohol evaluation pursuant to the court order. PTA assigned Allen to do the evaluation. Allen's reports were part of the evaluation process, which culminated in her testimony at the dependency hearing. Allen had no role in treating Childs and had no independent function in the litigation. Thus, under Gustafson, Allen is entitled to absolute witness immunity.
Childs argues that Gustafson is not applicable because the legislature has changed the common law witness immunity in the context of juvenile court proceedings under RCW 26.44.060(1). Under RCW 26.44.060(1)(a):
Except as provided in (b) of this subsection, any person participating in good faith in the making of a report pursuant to this chapter or testifying as to alleged child abuse or neglect in a judicial proceeding *415 shall in so doing be immune from any liability arising out of such reporting or testifying under any law of this state or its political subdivisions.
Childs argues that this statute adds a requirement of good faith to the witness immunity doctrine in this case. This statute, however, does not apply to Allen. Here, Allen performed a drug and alcohol evaluation. She did not make a report of child abuse under chapter 26.44 RCW. Allen did not testify or make a report concerning abuse or neglect. Rather, her report and testimony concerned her drug and alcohol evaluation. Therefore, RCW 26.44.060 does not apply to this case, and we hold that Allen is entitled to absolute witness immunity under Gustafson.[1]
Even if Allen were not entitled to absolute witness immunity, Childs must show that Allen caused his injuries. "The proximate cause of an injury is `that cause which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which that event would not have occurred.'" Wojcik v. Chrysler Corp., 50 Wash.App. 849, 856, 751 P.2d 854 (1988) (quoting Stoneman v. Wick Constr. Co., 55 Wash.2d 639, 643, 349 P.2d 215 (1960)). Childs argues that the issue of proximate cause is not proper for summary judgment because Allen controlled the flow of information to the court and also because she testified that she trained DSHS employees regarding alcohol and drug abuse. Childs, however, does not produce any evidence that, but for Allen's evaluation and testimony, the court would have reached a different decision in the proceedings. Indeed, the court noted that one instance in particular, completely unrelated to Allen's evaluation and testimony, was sufficient to support the finding of dependency. Thus, under the circumstances of this case, the trial court did not err in determining that as a matter of law, Allen was not the proximate cause of Childs' alleged injuries.[2]
Childs also argues that the trial court abused its discretion in conditioning the grant of a continuance on payment of terms. Without providing any evidence, Childs argues that the motion for a continuance did not cause opposing counsel to spend more than an hour of additional time and that the terms imposed were therefore excessive. Because Childs does not provide any evidence in support of this, his claim must fail, as he bears the burden of proving that the trial court abused its discretion.[3]
Finally, Allen requests attorney fees on appeal under RAP 18.9(a). This court may award attorney fees to a party if the opposing party's appeal is frivolous. "`An appeal is frivolous if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there [is] no reasonable possibility of reversal.'" State ex rel. Quick-Ruben v. Verharen, 136 Wash.2d 888, 905, 969 P.2d 64 (1998) (quoting Presidential Estates Apartment Assocs. v. Barrett, 129 Wash.2d 320, 330, 917 P.2d 100 (1996)). Here, there was no reasonable possibility of reversal because Allen was clearly entitled to absolute witness immunity and was not the proximate cause of Childs injuries. Allen is therefore entitled to attorney fees under RAP 18.9(a).
Affirmed.
WE CONCUR: BECKER and KENNEDY, JJ.
NOTES
[1] Allen also argues that she is entitled to quasi-judicial immunity under Reddy v. Karr, 102 Wash.App. 742, 9 P.3d 927 (2000). Because Allen is entitled to absolute witness immunity, we do not reach the issue of quasi-judicial immunity.
[2] Because we hold that Allen is entitled to absolute witness immunity and was not the proximate cause of Childs' injuries, we do not reach the issue of collateral estoppel.
[3] Childs also argues that the trial court erred in excluding certain exhibits submitted in response to Allen's motion for summary judgment. Because Allen is entitled to absolute witness immunity, we do not reach this issue.