# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT SMITH, an unmarried person,<br><br>Respondent,<br><br>v.<br><br>BRIAN HEBERLING, an unmarried person,<br><br>Appellant. | DIVISION ONE<br><br>No. 85512-3-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Brian Heberling challenges the trial court's denial of his motion to vacate a judgment pursuant to CR 60(b)(5). Heberling asserts that the judgment entered against him was void because it was not in compliance with the statutory requirements for confessed judgments. Finding no error, we affirm.

I

On or about October 26, 2013, Heberling signed a confessed judgment in favor of Robert Smith in the amount of $84,474.85, pursuant to a settlement agreement concerning an unpaid loan.[1] After Heberling ceased making payments to Smith, Smith filed a motion for entry of confession of judgment. On September 28, 2016, the court ordered that judgment should be entered against Heberling; however, the court neglected to attach the confessed judgment to its order. Smith moved to correct this oversight on or about October 5, 2022. The

---

[1] The parties dispute the facts leading up to the signing of the confessed judgment. As none of those facts are relevant to the issues on appeal, we do not recount them here.

court granted the motion and entered an amended order specifying the amount of the judgment and accumulated interest.  The judgment was amended a second time to correct the interest rate from 9 percent to 12 percent in accordance with the settlement agreement.

In 2023, Heberling filed a motion to vacate the judgment pursuant to CR 60(b)(5).  Heberling asserted that the confessed judgment was void as it did not adhere to the requirements of RCW 4.60.040.  The trial court disagreed and further determined that Heberling's motion was not timely so as to warrant vacation under any other provisions of CR 60(b).

Heberling timely appeals.

II

Heberling asserts that the trial court erred by denying his motion to vacate the judgment against him. This is so, he asserts, because the confessed judgment did not adhere to the requirements of RCW 4.60.040.  Heberling's argument lacks merit.

The sole ground for relief cited by Heberling is that the judgment is void and should be vacated under CR 60(b)(5).  The trial court has a nondiscretionary duty to vacate a void judgment.  In re Marriage of Markowski, 50 Wn. App. 633, 635, 749 P.2d 754 (1988).  "A judgment is void if the issuing court lacks personal jurisdiction or subject matter jurisdiction over the claim." Gates v. Homesite Ins. Co., 28 Wn. App. 2d 271, 279, 537 P.3d 1081 (2023).  Whether a judgment is void is a question of law that we review de novo.  Castellon v. Rodriguez, 4 Wn. App. 2d 8, 14, 418 P.3d 804 (2018).

Heberling does not assert that the trial court lacked personal jurisdiction over him.  Rather, Heberling asserts that the trial court lacked the authority to enter a confessed judgment that did not adhere to the requirements of RCW 4.60.040.  Heberling attempts to cast this as an issue of subject matter jurisdiction, but he is incorrect.  Subject matter jurisdiction refers to the court's authority to adjudicate the type of controversy implicated and issue the type of relief called for.  Ronald Wastewater Dist. v. Olympic View Water & Sewer Dist., 196 Wn.2d 353, 372, 474 P.3d 547 (2020).  Conversely,

> where the court "'has jurisdiction of the parties and of the subject matter, and has the power to make the order or rulings complained of, but the latter is based upon a mistaken view of the law or upon the erroneous application of legal principles, it is erroneous,'" as opposed to void for lack of jurisdiction.

Ronald Wastewater, 196 Wn.2d at 372-73 (internal quotation marks omitted) (quoting Dike v. Dike, 75 Wn.2d 1, 7, 448 P.2d 490 (1968)).  Heberling does not claim that the trial court lacked subject matter jurisdiction over a breach of contract action nor does he question the trial court's authority to enter confessed judgments generally.  To be clear, there is no question of the trial court's subject matter jurisdiction in this matter.

To the extent that Heberling casts his argument as one concerning the trial court's inherent authority, this argument also fails.  In In re of Marriage of Kaufman, 17 Wn. App. 2d 497, 510, 485 P.3d 991 (2021), the appellant made a similar argument, asserting that the dissolution decree was void because the trial court did not have the inherent authority to enter an order dividing military disability retirement benefits, as it was prohibited by federal law.  Division Two of

this court disagreed, noting that "inherent power" is a "'component[] of subject matter jurisdiction'" that limits a court to providing only the types of relief called for in the complaint. Kaufman, 17 Wn. App. 2d at 514 (alteration in original) (quoting Ronald Wastewater, 196 Wn.2d at 372). When a trial court fails to adhere to a nonjurisdictional statute, such as the federal statute prohibiting the distribution of military disability retirement benefits, that failure constitutes an error of law. Kaufman, 17 Wn. App. 2d at 513. As we explained, legal error is not jurisdictional, nor does it deprive a court of its inherent power to enter judgment. Kaufman, 17 Wn. App. 2d at 513-14.

Heberling nonetheless asserts that Puget Sound National Bank v. Levy, 10 Wash. 499, 39 P. 142 (1895), establishes that a confessed judgment that does not adhere to RCW 4.60.070 is void. As Smith correctly notes, Puget Sound predates CR 60 and all of the law construing it. More recently than 1895, our Supreme Court has made it clear that

> where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until avoided is regarded as valid.

Dike, 75 Wn.2d at 8 (quoting Robertson v. Commonwealth of Va., 181 Va. 520, 536, 25 S.E.2d 352 (1943)). Puget Sound suffers from the same fault that plagued this court for many years: interchangeable use of the words "void" and "voidable." 10 Wash. at 503-04. As we explained in Rabbage v. Lorella, 5 Wn.

4

App. 2d 289, 298, 426 P.3d 768 (2018), a lack of caution in usage of the terms "jurisdictional" and "void" frequently led to analytical errors that courts should be wont to repeat. The court in Puget Sound did not exercise this caution, first declaring that the judgments were "voidable, if at all, only by the creditors" and later in its opinion declaring the judgments both "voidable" and "void" in the span of a single paragraph. See 10 Wash. at 503-04. Given the modern differentiation of terms, Puget Sound's careless use of the word "void" does not give rise to a need to ignore later Supreme Court holdings to the contrary.

Heberling also likens confessed judgments to CR 2A agreements, which he contends are void when they fail to adhere to the requirements of the court rule. We rejected this argument in Gates. In that case, the appellant argued that the respondents failed to comply with the notice requirement for Insurance Fair Conduct Act claims under RCW 48.30.015 and that the default judgment against it was therefore void. Gates, 28 Wn. App. 2d at 278-79. We noted that Long v. Harrold, 76 Wn. App. 317, 884 P.2d 934 (1994), which had held that CR 2A agreements that fail to adhere to the rule are void, predated our decision in Rabbage, and therefore no longer correctly reflected the applicable law. Gates, 28 Wn. App. 2d at 282 n.9. We reject Heberling's argument for the same reason.

Because the trial court in this matter had both subject matter jurisdiction and personal jurisdiction, the confessed judgment entered against Heberling was

not void. The trial court did not err by denying Heberling's CR 60(b)(5) motion to vacate the confessed judgment.[2]

III

Smith requests an award of attorney fees pursuant to RAP 18.9(a) because, he asserts, Heberling's appeal is frivolous. "This court may award attorney fees to a party if the opposing party's appeal is frivolous." Childs v. Allen, 125 Wn. App. 50, 58, 105 P.3d 411 (2004). However, an appeal is only frivolous if it "presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).

Although we affirm the decision of the trial court, we cannot say that Heberling's appeal was so totally devoid of merit as to be frivolous.[3] Accordingly, we decline to award attorney fees to Smith.

Affirmed.

_____

---

[2] The trial court also determined that Heberling's motion was untimely under CR 60(b)(1) or (b)(4). Because Heberling did not move to vacate the judgment under CR 60(b)(1) or (b)(4), we need not address whether the motion was timely thereunder.

[3] Indeed, although the opinion is 129 years old, Heberling does cite to a State Supreme Court decision, Puget Sound, 10 Wash. 499, as authority in support of his position.

WE CONCUR:

Bremmer, J.          Mann, J.